SIDNEY W. EDGETT *vs.* FRANK H. PALMER & others.

Franklin.   September 19, 1916. — January 2, 1917.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* To enjoin action at law in another State.   *Conflict of Laws.*
   *Comity.   Equity Pleading and Practice,* Appeal.

*Whether* a suit in equity, in which the plaintiff seeks to enjoin the prosecution of
   an action at law in a court of another State having jurisdiction of the parties,
   should have been dismissed by the court in the exercise of judicial discretion
   as an interference with interstate comity, was not determined in this case,
   where no demurrer was filed in the trial court and such a defence was not set
   up specifically in the answer.
For the same reasons it was not necessary to determine whether the allegations
   of the bill disclosed that the suit should have been dismissed because the plain-
   tiff, under the law of the State where the action sought to be enjoined was
   pending, had a plain and adequate remedy at law of which he could avail him-
   self in that action.
A decree ordering a permanent injunction in a suit in equity to enjoin the prose-
   cution of an action at law in another State was affirmed on an appeal by the
   defendant, the evidence not being reported and it appearing that the decree
   was warranted by the allegations of the bill and was consistent with the facts
   found by the trial judge.

BILL IN EQUITY, filed in the Superior Court on September 13,
1913, and afterwards amended, against Frank H. Palmer, Dwight
N. Carpenter and the executor of the will of Frank V. Doolittle,
alleging in substance that the plaintiff, a real estate agent, was
employed by Carpenter and Doolittle to sell for them a farm at
Gill in this Commonwealth owned by them as tenants in common,
they representing to him that the farm "would cut seventy tons
of hay per year;" that Palmer owned a farm in Newfane in Ver-
mont and represented to the plaintiff that it was a good farm and
"would cut forty tons of hay per year;" that the plaintiff made
to Palmer the representations as to the Gill farm that he had
been authorized to make by Carpenter and Doolittle, and made
to Carpenter and Doolittle the representations as to the Newfane
farm that Palmer had made to him, and that negotiations resulted
in an exchange; that subsequently Palmer brought an action at
law in Vermont against the plaintiff and Carpenter and Doolittle

sounding in tort for deceit; that in such action service was made upon the plaintiff but not upon Carpenter or Doolittle, and that it was the purpose of Palmer to discontinue that action as to Carpenter and Doolittle and to compel the plaintiff to defend as the sole defendant. On information and belief the plaintiff further averred that Palmer's representations as to the Newfane farm were false, but that such falsity was no defence to Palmer's action against him; that although by the laws of Vermont the plaintiff would have a right to compel Carpenter and the estate of Doolittle to indemnify him for loss sustained by reason of the representations as to the Gill farm made by him as their agent at their request, it was doubtful whether he could avail himself of such fact in defence of the action in Vermont, and that by reason of the above facts he would be compelled to engage in a multiplicity of suits causing great and irreparable loss, damage and injury to him. The prayer of the bill was for a permanent injunction preventing the prosecution of the action in Vermont.

In the Superior Court the suit was heard by *Aiken,* C. J. He filed the following memorandum of his findings:

"I find that all parties in interest were before me.

"I find as to the Gill farm that the statements made to Palmer as to the yield of seventy tons of hay were statements relating to the future yield or the yield that might be expected and do not bind the vendors.

"I find as to the Gill farm that the statements made to Palmer as to the quality of the land and the extent of mowing land are to be regarded as trader's talk upon which Palmer, himself a farmer, had no right to rely and I further find that he did not rely upon them.

"I find as to the Newfane farm that the purchase was made without reliance on the statements of Palmer.

"A decree may be prepared by the attorney of Edgett enjoining Palmer from prosecuting his suit in the Vermont court, and giving to Edgett, Carpenter and the personal representatives of Doolittle costs taxed, as follows: to Edgett $35 to Carpenter $15 to Doolittle's personal representative $25; and reciting that the cross bill is dismissed without costs to any party."

A final decree was entered in accordance with the memorandum excepting that it contained no order as to the cross bill.

The defendant Palmer appealed, and waived his right to have the evidence reported.

*H. Sherman,* for the defendant Palmer.

*F. L. Greene & H. E. Eddy,* for the plaintiff, submitted a brief.

BRALEY, J. It is unnecessary to determine whether if a demurrer had been interposed seasonably the trial court although having jurisdiction of the subject matter under R. L. c. 159, § 1, should have dismissed the bill in the exercise of its judicial discretion upon the grounds stated in *Carson* v. *Dunham,* 149 Mass. 52, 53, 56. *Kempson* v. *Kempson,* 13 Dick. 94. The defendant Palmer, who is the appellant, not only was subject to the territorial jurisdiction of the court, but appeared, answered and filed a cross bill. And after a trial on the merits a final decree was entered granting permanent injunctive relief as prayed for in the original bill. The defence, that for the wrongs complained of the plaintiff could have no relief in equity because he had a plain and adequate remedy at law which was available in the action pending against him in the courts of Vermont, could be taken advantage of only by demurrer, or setting up this defence specially in his answer. The objection comes too late after a defendant has answered generally, asked for relief by a cross bill, and submitted himself to the jurisdiction. *Tarbell* v. *Bowman,* 103 Mass. 341, 345. *Crocker* v. *Dillon,* 133 Mass. 91, 102. *Driscoll* v. *Smith,* 184 Mass. 221, 223.

The plaintiff's right to general relief having been settled, and the evidence not having been reported, the only question before us is whether the decree as to the appellant is warranted by the charging part of the bill and is consistent with the findings of the judge. *White* v. *White,* 169 Mass. 52. *Robinson* v. *Brown,* 182 Mass. 266, 267. *Kaatz* v. *Curtis,* 215 Mass. 311. We have considered all the questions argued and the decree being in accordance with these requirements cannot be reversed. But, as it appears that the cross bill was ordered dismissed without costs, the decree must be modified by the insertion of a clause to this effect and as thus modified it should be affirmed. *Holbrook* v. *Schofield,* 211 Mass. 234, 237.

*Ordered accordingly.*