## HARRY BASKES *vs.* LOUIS CUSHING.

Suffolk.    January 8, 1930. — January 28, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction*, Rescission, Retention for assessment of damages,
   To relieve from the results of fraud. *Equity Pleading and Practice*,
   Waiver of defence; Master: findings; Decree. *Waiver*. *Evidence*,
   Presumption and burden of proof.

A contention by the defendant on an appeal from a final decree in a suit
   in equity seeking rescission of an agreement for exchange of real
   estate by reason of fraudulent representations by the defendant, that
   a final decree based on rescission of the contract must put the parties
   *in statu quo,* has no standing where it appears that the final decree is
   not for a rescission of the contract but for damages caused by the
   defendant's fraud.
Where, in a suit in equity of the character above described, the bill con-
   tained no specific prayer for damages, but the master made findings
   of fact showing damages suffered by the plaintiff by reason of fraud
   of the defendant, the judge, if he finds that the parties cannot be
   placed *in statu quo,* properly may retain the bill for the assessment of
   damages upon the findings made by the master.
A defendant in a suit in equity who does not demur to the bill nor set
   up in his answer a defence that the plaintiff has an adequate remedy
   at law, but goes to trial on the merits without relying thereon, waives
   such defence.
A suit in equity for rescission of an exchange of real estate by reason of
   an alleged false representation by the defendant as to the income
   from the property he conveyed to the plaintiff, was heard by a master.
   The parties agreed that, if the master found that the income of the
   property in question was a certain amount, which was about ninety-
   one and one half per cent of that represented by the defendant, the
   value of the property should be placed between $9,500 and $10,000.
   The master found the income to be such amount, found the value of
   the property to be $10,000, and that the damages suffered by the
   plaintiff by the exchange were $2,000, that sum being the difference
   between the value of the property conveyed by the plaintiff and the
   value of the property conveyed to him; and a final decree was en-
   tered awarding that amount in damages.   The defendant appealed
   and contended that the decree should be reversed because there was
   no specific finding that the plaintiff relied on the false representation
   by the defendant respecting the amount of the yearly rental.   *Held,*
   that from the findings made by the master it was plain that he found
   not only that the representations were false, but that they were

relied on by the plaintiff; distinguishing *Wiley* v. *Simons,* 259 Mass. 159.

Where, in a suit in equity for rescission of a transaction by reason of false representations by the defendant, the plaintiff in his bill sets out several such representations, he is not required to prove all the false representations alleged, or that those proved were the sole or even the predominating motive which induced him to act; it is sufficient if those proved, combined with other motives, had a material influence upon him.

BILL IN EQUITY, filed in the Superior Court on June 22, 1929, and described in the opinion.

The bill contained no specific prayer for damages. The defendant did not demur to the bill and in his answer did not set up a defence that the plaintiff had an adequate remedy at law.

The suit was referred to a master. Material findings by him are stated in the opinion. Exceptions to his report were overruled, and the report was confirmed by an interlocutory decree, entered by order of *Dillon,* J., by whose order also was entered the final decree described in the opinion. The defendant appealed.

The case was submitted on briefs.

*S. Markell & C. Richmond,* for the defendant.

*H. Kahn,* for the plaintiff.

CROSBY, J. This is a suit in equity to restrain the defendant from foreclosing a mortgage, and for the rescission of an agreement for the exchange of real estate alleged to have been entered into by reason of fraudulent representations made by the defendant that the yearly rental received from the property conveyed by him to the plaintiff was at least $1,460, and that the property was in good condition.

The case was referred to a master who made the following findings: The defendant admitted that he received from the plaintiff a mortgage for $7,000 on the property, but denied all the other allegations of the bill. He represented that the income from his property was $1,416, and that the property was in good condition. The actual income was $1,296 a year. The plaintiff was not permitted by the tenants to inspect the premises before taking title. The mortgage given by the plaintiff to the defendant was

foreclosed and the property was purchased by the defendant at the foreclosure sale.

It was agreed by counsel that, if the master found the annual rent of the premises to be $1,296, the value of the property conveyed to the plaintiff "should be placed between" $9,500 and $10,000. The master found that the value of the property was $10,000, and that the damages suffered by the plaintiff by the exchange were $2,000, that sum being the difference between the value of the property conveyed by the plaintiff and the value of the property conveyed to him. An interlocutory decree was entered overruling the defendant's objections to the master's report, and confirming the report. A final decree was entered declaring the note for $7,000 given by the plaintiff to the defendant to be null and void, and ordering that it be delivered to the plaintiff. The decree also ordered the defendant to pay the plaintiff $2,000 as damages sustained by him by reason of the defendant's fraud and misrepresentations, and that the defendant pay the plaintiff costs.

It is argued by the defendant in his brief that a final decree based on rescission of the contract must put the parties *in statu quo.* A sufficient answer to that argument is that the final decree is not for a rescission of the contract but for damages caused by the defendant's fraud. The evidence is not reported. If the trial judge found that the parties could not be placed *in statu quo,* he could retain the bill for the assessment of damages upon the findings made by the master. If the defendant intended to rest his defence on the ground that the plaintiff had an adequate remedy at law, that defence was waived by answering without demurrer to the bill and going to trial on the merits. *Bauer* v. *International Waste Co.* 201 Mass. 197. *Volpe* v. *Sensatini,* 249 Mass. 132. *Luciano* v. *Caldarone,* 255 Mass. 270.

Although the master did not specifically find that the plaintiff relied on the false representation of the defendant respecting the amount of the yearly rental, he found that the defendant represented the rental to be $1,416, and that the actual amount of such rental was $1,296; that by reason of such misrepresentation the plaintiff sustained a damage of

$2,000. The false representation respecting the amount of the rents was a representation of a material fact. *McCarthy* v. *Reid,* 237 Mass. 371, 372. Upon the findings of the master, including the finding as to the agreement of counsel before referred to, it is plain that he found not only that the representations were false, but that they were relied on by the plaintiff. The fact that he made no finding with reference to the alleged misrepresentation that the premises were in good condition is immaterial. The plaintiff was entitled to damages because of the false representation respecting the amount of the yearly rental. He was not required to prove all the false representations alleged, or that those proved were the sole or even the predominating motive which induced him to act; it is sufficient if they had a material influence upon him although combined with other motives. *Light* v. *Jacobs,* 183 Mass. 206, 210. See also *Townsend* v. *Niles,* 210 Mass. 524. The facts found in the present case distinguish it from *Butler* v. *Martin,* 247 Mass. 169, and *Wiley* v. *Simons,* 259 Mass. 159, and other cases cited by the defendant.

It follows that the interlocutory decree and the final decree are to be affirmed with costs.

*Ordered accordingly.*