Lavinia Nelson *vs.* Robert H. Sanderson.

Suffolk. April 6, 7, 1933. — March 27, 1934.

Present: Rugg, C.J., Crosby, Pierce, Field, & Donahue, JJ.

*Bond*, Recognizance upon writ of ne exeat, Damages for breach. *Ne Exeat, Writ of. Damages*, In contract, Nominal.

The general principles of equity and fair dealing commonly do not require the exaction of the penalty in a legal instrument when no damage has been sustained. Per Rugg, C.J.

After the defendant in a suit in equity had been ordered to pay a certain sum to the plaintiff, the plaintiff obtained a writ of ne exeat against the defendant, who later was discharged from arrest thereon by giving a recognizance conditioned merely on his not leaving nor attempting to leave the Commonwealth without leave of court while the writ of ne exeat should remain in force. Subsequently, the defendant on two occasions left the Commonwealth for a few days without leave of court, but he had no intent to disobey the court order by so doing and was at all times ready to be present in court when his presence should be required. Thereafter he was committed to jail for contempt for disobeying a final decree in the suit in equity,

and was still there at the time of the hearing of an action of scire facias by the plaintiff against the surety on the recognizance, which was commenced subsequent to the commitment. In such action, it was *held,* that

(1) There had been a breach of the recognizance by reason of the debtor's leaving the Commonwealth without leave of court;

(2) The plaintiff suffered no substantial damage by such breach: the purpose of the writ of ne exeat and of the recognizance given in connection therewith, being merely that the debtor should be available and not that he should pay the plaintiff or obey the decree in the suit in equity, had not been defeated by the temporary absences from the Commonwealth;

(3) Under G. L. (Ter. Ed.) c. 235, §§ 9, 10, while the plaintiff was entitled to judgment for the penal sum of the recognizance, he was entitled to an execution for nominal damages only.

SCIRE FACIAS against the surety on a recognizance. Writ dated April 13, 1932.

The action was heard in the Superior Court by *Donnelly,* J., without a jury. Material facts are stated in the opinion. The judge ordered judgment entered for the plaintiff in the penal sum of the recognizance and the issuance of execution for $1. The plaintiff alleged exceptions.

*G. W. Cox,* for the plaintiff.

*H. R. Bygrave,* for the defendant, submitted a brief.

RUGG, C.J. This action, on a writ of scire facias, is against the surety on a recognizance executed by Lida M. Beal as principal.

The case was heard on its merits. The trial judge made findings of fact, rulings, and an order for judgment and execution. So far as material to the grounds of this decision, they are in substance as follows: The plaintiff, in November, 1930, brought a bill in equity against Lida M. Beal to reach and apply certain jewelry in her possession. After a hearing, an order for decree was entered to the effect that Lida M. Beal pay the plaintiff $10,553.76 with interest and costs, or, failing such payments, that she deliver the jewelry to a receiver appointed by the court. The plaintiff then secured a writ of ne exeat and Lida M. Beal was arrested upon it on June 18, 1931. On the same day she was discharged upon giving a recognizance on which

one Stanwood was surety, the condition of which was that Lida M. Beal would not go or attempt to go unto parts beyond the Commonwealth without leave of the Superior Court. A final decree was entered June 29, 1931, from which Lida M. Beal appealed. On September 10, 1931, Stanwood had Lida M. Beal arrested and surrendered her upon that recognizance. On the same day, Lida M. Beal was discharged from arrest by executing a second recognizance, on which the defendant, Sanderson, was surety, for $11,000, the condition of which read as follows: "Now, therefore, the condition of this recognizance is such, that if the said Lida M. Beal shall not go or attempt to go unto parts beyond said Commonwealth without leave of said court while said writ of *Ne Exeat* remains in force, or until the further order of said Court in respect thereto, then this recognizance to be void, otherwise to be and abide in full force, power and virtue."

The appeal of Lida M. Beal to this court was disposed of in January, 1932. See *Nelson* v. *Beal*, 278 Mass. 130. After rescript, on February 9, 1932, a final decree was entered that the plaintiff should be paid $10,553.76 with interest, or that the defendant should turn over certain articles of jewelry to a receiver appointed by the court. Pending the appeal, Lida M. Beal was at liberty by virtue of the recognizance. In January, 1932, and again on February 22, 1932, she went to New York without obtaining leave of court, remaining a few days on each occasion. She had no intent to disobey the court order by going on these trips and was at all times ready to be present in court when her presence was required. On March 31, 1932, Lida M. Beal was, after hearing, committed to jail for contempt for disobeying the final decree of February 9, 1932, and remained there until the hearing now under review.

This writ of scire facias was then sued out in April, 1932, by the plaintiff against the surety on the second recognizance. The trial judge found and ruled that there had been a breach of the recognizance and that judgment must be entered in its penal sum, but that in equity and good conscience only nominal damages were due the plaintiff

and execution should issue in the sum of one dollar. The plaintiff's exception brings the case here. In her brief she states the issue to be the measure of damages.

In this Commonwealth the use of the writ ne exeat as an equitable remedy to obtain security in the nature of bail at common law is well established in such cases as the instant one to enforce equitable, liquidated and pecuniary demands. *Rice* v. *Hale*, 5 Cush. 238. Compare *Palmer* v. *Palmer*, 84 N. J. Eq. 550. It is customary for the defendant, if possible, to secure his freedom by filing a bond or recognizance conditioned upon his not leaving the Commonwealth without permission of the court and upon his appearing in court and abiding by the final decree or order of the court. In the instant case, the recognizance had as its condition that Lida M. Beal "shall not go or attempt to go unto parts beyond said Commonwealth without leave of said court while said writ of *Ne Exeat* remains in force, or until the further order of said Court in respect thereto." There is no condition that she abide by the final decree of the court.

The recognizance should be literally read and construed. There was a breach in the case at bar. *Musgrave* v. *Medex*, 1 Meriv. 49. *Harris* v. *Hardy*, 3 Hill, 393. *Utten* v. *Utten*, 1 Meriv. 51. Lida M. Beal did not remain in the Commonwealth. She went out of the Commonwealth on two separate occasions after executing this recognizance. It has been held that a court of equity, in these circumstances, has jurisdiction to order the amount of the bond paid into court. *Schreiber* v. *Schreiber*, 85 N. J. Eq. 303; affirmed in 86 N. J. Eq. 437. *Murphy* v. *Paris*, 16 Fed. Rep. (2d) 515. It was also decided in *Wauters* v. *Van Vorst*, 1 Stew. (N. J.) 103, that a court of equity has power to discharge the surety for bail if it feels the condition of the bond has been met. In that case, as there had been no breach of the bond, the sureties were not made to pay anything, but the court in its discretion refused to allow them to be discharged. Where there has been no breach of the bond and the defendant is in the custody of the court for contempt upon his failure to perform the final

decree, the sureties may be discharged. *Debazin* v. *Debazin*, (1743) 1 Dick. 95. In such cases the purpose of the ne exeat writ is satisfied, for the defendant has been before the court during the proceedings and is within its jurisdiction at the time of the final decree. In *Johnson* v. *Clendenin*, 5 Gill & J. 463, it was decided that the purpose of the ne exeat writ was satisfied and the sureties were discharged where the defendant, who had been seized and confined for contempt of court in disobeying the final decree, had escaped from the custody of the court and had gone outside the jurisdiction. The matter of discharge rests in the discretion of the court. In *Ksiazek* v. *Ksiazek*, 89 N. J. Eq. 139, there had been no breach of the ne exeat bond, but the defendant was being held in contempt for the nonpayment of accrued alimony ordered by decree of the court. The sureties applied for discharge on the ground that the defendant was being held in custody for contempt. This application was refused lest the defendant pay up the accrued alimony and escape from the jurisdiction and thus not pay future amounts which would be due. A court of equity thus exercises a wide jurisdiction to accomplish just results in cases of this nature.

In the case at bar the purpose of the ne exeat writ has been accomplished. That purpose was not that Lida M. Beal should pay the plaintiff, or that she would obey the final decree, but that she should be available. This question arose in *In re Appel*, 163 Fed. Rep. 1002, where a bankrupt defendant filed a surety bond in the form of a recognizance for his appearance before the court. There was a breach, but the sureties were not charged because the court was of the opinion that the security was still available. The recognizance in that case was stronger than that in the case at bar, but it included the usual clause that the defendant should abide by the final decree of the court, a clause not found in the present recognizance. The result sought by the bond has been attained or has not yet failed in the case at bar.

The purpose of the ne exeat writ in the case at bar bears some analogy to arrest upon mesne process at common

law, although our provisions as to bail in actions at law are not applicable. It is provided that where a recognizance or bond is given to secure release from such arrest, and there has been default, execution shall issue for so much of the penalty "only as may be justly and equitably due." G. L. (Ter. Ed.) c. 224, § 8.

The writ of ne exeat is in the nature of an equitable process as used in the case at bar. There are no special statutory provisions in this Commonwealth in regard to such writs, and "they are governed by the rules of the common law and of general equity jurisprudence." *Dunsmoor* v. *Bankers Surety Co.* 206 Mass. 23, 26. The general principles of equity and fair dealing commonly do not require the exaction of the penalty in a legal instrument when no damage has been sustained. In the case at bar the plaintiff has suffered no damage by breach of the recognizance. Even in the absence of a statute, an equity court has power in appropriate cases to relieve against the forfeiture or penalty. *In re Appel,* 163 Fed. Rep. 1002. *United States* v. *Feely,* 1 Brock. 255. In *Hopwood* v. *Smith,* 170 Mass. 428, a breach of a recognizance to appear for examination after arrest on mesne process resulted in no actual loss and the court allowed execution for nominal damages only. In *Commonwealth* v. *M'Neill,* 19 Pick. 127, 143, relief from the total sum due on a recognizance was allowed under St. 1810, c. 80, which in substance is now part of G. L. (Ter. Ed.) c. 276, § 74. In *Leonard* v. *Whitney,* 109 Mass. 265, similar relief from the penalty of a replevin bond was granted under the statute now in substance in G. L. (Ter. Ed.) c. 235, § 10. The finding that in the case at bar there was no actual loss suffered by the plaintiff through the breach of the recognizance was amply warranted, if not required. Equitable considerations seem to demand that not the entire penalty be exacted of the defendant, but only the loss sustained by the plaintiff. This, in effect, was the result reached by the trial judge who, in reliance on the provisions of G. L. (Ter. Ed.) c. 235, §§ 9, 10, gave nominal damages only. Those sections relate, among others, to actions for breach of the condition of a bond

and enable the court to award "execution for so much of the penal sum as is then due and payable in equity and good conscience." There are differences between a bail bond and a recognizance, but in this connection such differences are small. In *National Surety Co.* v. *Nazzaro*, 233 Mass. 74, it was stated: "The words 'recognizance' and 'bail' when used in statutes are often construed as interchangeable; and, speaking generally, like rules of law are applicable to both these kinds of obligation." The language of the particular instrument, whether it is described as a "bail bond" or as a "recognizance," must govern, unless exceptional circumstances require some modification. See *Griswold* v. *Hazard*, 141 U. S. 260, 284.

Two early cases seem to deny the right of the court, sitting at law, to relieve the severity of a recognizance while admitting statutory relief of a penalty under a bond. *Johnson* v. *Randall*, 7 Mass. 340. *Merrill* v. *Prince*, 7 Mass. 396. Those cases were decided when the courts of this Commonwealth had very limited jurisdiction in equity, and construed within narrow bounds that which had been conferred. *Tirrell* v. *Merrill*, 17 Mass. 117, 121. *Attaquin* v. *Fish*, 5 Met. 140, 150. That situation was changed by St. 1877, c. 178, § 1, now G. L. (Ter. Ed.) c. 214, § 1, whereby general equity jurisdiction was conferred. Those decisions are not at present barriers to reaching a conclusion in conformity with equity and good conscience in a proceeding ancillary to a suit in equity pending in a court possessing full chancery jurisdiction.

*Exceptions overruled.*