OWENS-ILLINOIS GLASS COMPANY *vs.* JOSEPH BRESNAHAN & another.

Suffolk.  February 2, 1948. — April 29, 1948.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Equity Jurisdiction*, Discovery.

A court of general equity jurisdiction had authority to entertain a suit seeking to have fragments of a bottle in the possession of the defendant made available for examination by the plaintiff in order to prepare his defence to a pending action at law brought against him by the defendant for personal injuries sustained through an explosion of the bottle.

Suits for discovery, although not specifically mentioned in R. L. c. 159, § 1, or in G. L. (Ter. Ed.) c. 214, § 1, were and are included in the concurrent general equity jurisdiction thereby conferred on the Superior Court.

The statutes providing for interrogatories, G. L. (Ter. Ed.) c. 231, §§ 61 et seq., do not prevent the maintenance of a suit in equity for discovery of an ordinary chattel.

BILL IN EQUITY, filed in the Superior Court on September 27, 1946.

A demurrer to the bill was heard by *Swift*, J.

*S. P. Sears*, (*J. L. Lyman* with him,) for the plaintiff.

*W. A. Garrity, Jr.*, (*C. W. Sloane* with him,) for the defendants.

LUMMUS, J.   The defendants in this bill in equity have brought an action of tort for personal injury against the plaintiff.   The declaration in that action alleges that the plaintiff manufactured a bottle which it sold to Royal Crown of Boston, Inc., as a container for a carbonated beverage; that the bottle was filled with that beverage, and was sold to a retail dealer; that the defendant Joseph Bresnahan had bought the filled bottle from the retail dealer or had contracted to buy it when the bottle exploded because of its dangerous and defective condition, and hurt said Joseph Bresnahan.   His father Michael J. Bresnahan joined as plaintiff in one count of the declaration (*Clouatre* v. *Lees*, 321 Mass. 679), claiming consequential damages.   The plaintiff answered in that action by a general denial and an allegation of contributory negligence on the part of Joseph Bresnahan.

The bill alleges that the defendants Bresnahan or their attorney are in possession of fragments of a bottle claimed to be the bottle, manufactured by the plaintiff, that exploded.   It alleges that the attorney for the defendants, though requested, has refused to exhibit those fragments to the plaintiff or to make them available for examination by the plaintiff's experts.   It alleges that such exhibition and examination are necessary to enable the plaintiff to prepare its defence.   The bill prays that the defendants, their agents and attorneys, be ordered to produce, exhibit and make available for such examination all fragments of glass claimed to be parts of said bottle.

The demurrer of the defendants to the bill was sustained, and a final decree was entered dismissing the bill.   The plaintiff appealed from the interlocutory decree sustaining the demurrer, and also from the final decree.

The bill falls within the class of bills for discovery only,

where no relief is sought.  Although discovery is usually sought of documents, courts of equity have long exercised jurisdiction to grant discovery of ordinary.chattels and even of real estate.  This jurisdiction does not depend upon statute, but is a part of the general jurisdiction of a court of equity.  *Peck* v. *Ashley,* 12 Met. 478.  *Post & Co.* v. *Toledo, Cincinnati, & St. Louis Railroad,* 144 Mass. 341. *American Security & Trust Co.* v. *Brooks,* 225 Mass. 500, 501.  Pomeroy, Equity Jurisprudence (5th ed. 1941) § 191. In *Marsden* v. *Panshall,* 1 Vern. 407 (1686), Marsden entrusted cloths to one Bumpas to sell.  Instead of selling them, Bumpas pawned them with the defendant.  Marsden brought a bill for the discovery of the cloths, to assist him in suing at law.  Lord Chancellor King gave him a decree for discovery.  In *Earl of Macclesfield* v. *Davis,* 3 V. & B. 16 (1814), executors filed a bill to obtain an examination of an iron chest in which heirlooms belonging to the estate were supposed to be.  Lord Chancellor Eldon gave them a decree for discovery.  In *Kynaston* v. *East India Co.* 3 Swanst. 248, Lord Chancellor Eldon gave a decree commanding the defendant to permit the plaintiff's witnesses to examine real estate on the value of which was based the tithes claimed by the plaintiff.  See also Wigmore, Evidence (3d ed. 1940) § 1862.

In *Reynolds* v. *Burgess Sulphite Fibre Co.* 71 N. H. 332 (1902), the plaintiff had brought an action at law against the defendant for negligently causing the death of his intestate, by reason of a defective strap on the connecting rod of an engine.  On a bill to obtain discovery of the broken pieces of the strap for the purpose of an examination of them by the plaintiff's attorneys and expert witnesses, the court held that the bill would lie.  On page 340 the court said, "A consideration of the origin of the equitable remedy for discovery, and of its nature and purpose, leads to the conclusion that it may be employed to compel the production of personal chattels, as well as books, deeds, letters, and other documents, for inspection and examination, in aid of an action at law."  On the same page the court said, "Neither does the right of discovery of books and docu-

ments depend upon the discretion of the court . . . nor upon the party's having some right or interest in them other than as items of testimony in his favor. . . . The slight infringement of the right of property that is involved in an inspection of it under an order of a court of equity is justified by 'due process of law' or 'the law of the land,' and is in no sense a violation of the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."

We are of opinion that a court of general equity jurisdiction has authority to grant the discovery sought by the present bill. It remains to consider whether anything in our statutes prevents the Superior Court from exercising that jurisdiction.

By Pub. Sts. (1882) c. 151, § 2, cl. 14, the Supreme Judicial Court was authorized to hear and determine in equity "Suits or bills for discovery, when a discovery may be lawfully required according to the course of proceedings in equity." *Post & Co.* v. *Toledo, Cincinnati, & St. Louis Railroad,* 144 Mass. 341. By St. 1883, c. 223, § 1, the Superior Court was given concurrent jurisdiction with the Supreme Judicial Court "in all matters in which relief or discovery in equity is sought." By R. L. (1902) c. 159, § 1, without mention of discovery, it was provided that "The supreme judicial court and the superior court shall have original and concurrent jurisdiction in equity of all cases and matters of equity which are cognizable under the general principles of equity jurisprudence." Substantially the same provision is found in G. L. (Ter. Ed.) c. 214, § 1. The commissioners who drafted the Revised Laws said in their report (Part III, c. 159, § 3, page 1364), "Some of the particulars of equity jurisdiction contained in Pub. Sts. c. 151, § 2, have been omitted because they are included in the full equity jurisdiction of section 1." Bills for discovery formed an ancient part of "full equity jurisdiction." In our opinion it was not the legislative intention, by omitting to mention bills for discovery, to abolish them. Public Statutes (1882) c. 151, § 2, cl. 3, provided expressly for suits for specific performance, whereas they are not specifically mentioned

in R. L. (1902) c. 159, nor in G. L. (Ter. Ed.) c. 214. Yet in many cases since 1902 specific performance has been granted. See, for example, *Frost* v. *Kendall,* 320 Mass. 623.

The statutes of Massachusetts that provide for interrogatories do not prevent discovery in the present case. It is true that interrogatories have sometimes been referred to as a "substitute" for a bill for discovery. *Wilson* v. *Webber,* 2 Gray, 558, 561. But the statute as to interrogatories (G. L. [Ter. Ed.] c. 231, §§ 61–67, 89) contains nothing to that effect. And G. L. (Ter. Ed.) c. 214, § 12, still provides that "Discovery may be sought by inserting a prayer therefor in the bill or petition," as well as by interrogatories. A headnote to *Brown* v. *Corey,* 191 Mass. 189, declares that "In this Commonwealth a bill in equity cannot be maintained for discovery alone." We think that it was not intended in that case to deny a right to discovery in aid of an action at law. See *Walker* v. *Brooks,* 125 Mass. 241, 248. The relief prayed for in that case was in equity, and when that relief failed there was no further reason for discovery. General Laws (Ter. Ed.) c. 214, § 13, speaks of a bill for discovery only as still existing. In *Post & Co.* v. *Toledo, Cincinnati, & St. Louis Railroad,* 144 Mass. 341, a bill for discovery alone was maintained, and the court said that the statutory provisions for interrogatories "have not taken away the jurisdiction of the court to entertain bills of discovery." See also *Carpenter* v. *Winn,* 221 U. S. 533, 539. And in *Rosenblum* v. *Springfield Produce Brokerage Co.* 243 Mass. 111, 120, 121, the court said, "The right to interrogate the adverse party under the statute does not impair relief by discovery." The statute as to interrogatories extends only to "the discovery of facts and documents" (G. L. [Ter. Ed.] c. 231, § 61), and does not apply to the production and examination of ordinary chattels. The statutory examination of "ways, works or machinery," provided for by G. L. (Ter. Ed.) c. 153, § 9, may be had only where a "servant or employee" has been injured in the course of his employment. And the provision in G. L. (Ter. Ed.) c. 234, § 35, that the court may "allow the jury

in a civil case to view . . . any property, matter or thing relative to the case," has no application to an examination before trial.

> *Interlocutory decree sustaining*
> *demurrer reversed.*
> *Demurrer overruled.*
> *Final decree reversed.*