MASSACHUSETTS CHIROPRACTIC LAYMEN'S ASSOCIATION, INC. & others *vs.* ATTORNEY GENERAL & another.

Suffolk.   September 20, November 2, 1955. — November 4, 1955.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Declaratory Judgment. Equity Jurisdiction,* Declaratory relief. *Equity Pleading and Practice,* Declaratory proceeding, Demurrer.

A bill in equity stating a case for declaratory relief under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, is not demurrable.

A decision by this court determining certain questions of law in a criminal case rendered declaratory relief unnecessary and was a sufficient reason for refusing it in a companion suit in equity for such relief under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, presenting in substance only the same questions of law, and the suit should be dismissed upon entry in the record therein of a statement of such reason as required by § 3 of c. 231A.

BILL IN EQUITY, filed in the Superior Court on December 6, 1954.

The suit was heard by *Hurley,* J., on demurrer.

*Samuel Silbiger,* (*John N. Alberti* with him,) for the plaintiffs.

*George Fingold,* Attorney General, *& Harris A. Reynolds,* Assistant Attorney General, for the defendants, submitted a brief.

SPALDING, J.   The objectives of this bill for declaratory relief are to obtain a declaration (1) that chiropractic is not the practice of medicine; (2) that even if it is the practice of medicine, then G. L. (Ter. Ed.) c. 112, § 6, which forbids the practice of medicine without a license is unconstitutional as applied to chiropractors; (3) that §§ 2 to 8 of G. L. (Ter. Ed.) c. 112 do not regulate the practice of chiropractic in the Commonwealth; and (4) that even if §§ 2 to 8 of c. 112 be construed as regulating the practice of chiropractic but restricting it to registered physicians, then these sections

bear no reasonable relation to the public welfare and are unconstitutional. The plaintiffs also ask that the Attorney General and all subordinate law enforcement officers be enjoined from arresting and prosecuting chiropractors as violators of G. L. (Ter. Ed.) c. 112, § 6, in practising without a license.[1]

The defendants demurred and interlocutory decrees were entered sustaining the demurrers. The case comes here on the plaintiffs' appeal from a final decree dismissing the bill.

Upon demurrer, a bill stating a case for declaratory relief is good, and no question of discretion whether to grant relief is open. *Burnes* v. *Metropolitan District Commission*, 325 Mass. 731, 733, and cases cited. Despite the contention of the Attorney General to the contrary, we are of opinion that the bill sufficiently alleges the existence of an actual controversy and makes out a case for declaratory relief at least with respect to the plaintiff Connors.[2] Accordingly the judge ought not to have sustained the demurrers to the bill. But that would not have meant that the plaintiffs were entitled as of right to the determination sought, since G. L. (Ter. Ed.) c. 231A, § 3, inserted by St. 1945, c. 582, § 1, provides that the "court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceedings or for other sufficient reasons. The reasons for such refusal shall be stated in the record." Sufficient reasons now exist for refusing to make a declaratory decree and the case should not be further heard. The issues presented are questions of law and in substance are the same as those determined in our decision in *Commonwealth* v. *Antonio, ante,* 175. There is, therefore, no need for declaratory relief. Accordingly, the court below should refuse to grant the relief

[1] The Commonwealth was made a party defendant by amendment.

[2] The plaintiffs are the Massachusetts Chiropractic Laymen's Association, Inc., a nonprofit corporation having for its purpose the securing of the properly-regulated practice of chiropractic in the Commonwealth; one Thomas, a citizen of the Commonwealth; and one Connors, who holds a degree of doctor of chiropractic and who desires to practise chiropractic in this Commonwealth.

prayed for, but, as required by § 3, the reason for such refusal should be stated in the record. Upon the entry in the record of such a statement the final decree dismissing the bill is to stand. The interlocutory decrees sustaining the demurrers are reversed.

*So ordered.*