JOHN A. MACPHERSON vs. BOSTON EDISON COMPANY
& others.

Suffolk.   December 4, 1956. — May 14, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, COUNIHAN,
WHITTEMORE, & CUTTER, JJ.

*Equity Jurisdiction*, Discovery.  *Equity Pleading and Practice*, Demurrer,
Parties, Suit for discovery.

A demurrer to a bill in equity as a whole will not be sustained merely
because particular paragraphs of the bill are vague and argumentative.
[96]

A general demurrer to a bill in equity for discovery must be overruled if
the plaintiff is entitled to any of the discovery sought.  [96]

Questions of discretion in the granting or denial of relief in a suit in equity
for discovery are not open on a demurrer to the bill.  [96]

A court of equity need not exercise its ancient discovery jurisdiction
upon a bill for discovery alone, or upon a bill seeking discovery as an
incident to the principal relief sought, in the absence of an affirmative
showing of facts establishing that discovery by statutory procedures
is inadequate.  [101–102]

In a suit in equity for discovery, the defence that statutory procedures
to obtain it are adequate may be raised by a demurrer to the bill
where the existence of that defence is disclosed by the bill.  [102]

In a suit in equity against the owner of certain premises and a company
maintaining poles and electric wires thereon to secure an order direct-
ing the defendants to permit the plaintiff to go upon the premises and
to examine the poles and wires in aid of a pending action at law by
the plaintiff against the company for personal injuries sustained while
working on the premises, a demurrer to the bill should not have been
sustained on the ground that the plaintiff had adequate statutory
methods of securing the examination sought where it appeared from
the bill that when injured he was an employee of an independent con-
tractor and not of either defendant.  [103]

If a company had the privilege of entering land of another to repair,
maintain, inspect and replace electric poles and wires thereon it had
an interest in the poles and wires sufficient, in a suit in equity for
discovery brought against the company and the landowner in aid of
an action at law by the plaintiff against the company for personal
injuries sustained while working on the land, to justify, in the discre-
tion of the court, an order as against the company permitting the
plaintiff to examine the poles and wires and an order as against the

landowner, who was not a party to the action at law, merely directing him to admit the plaintiff to the land at a reasonable time for such examination. [104–105]

The president of a corporation owning certain land and the president of another corporation having a proprietary interest in poles and wires thereon could not be said on demurrer to have been improperly joined with the corporations as defendants in a suit in equity seeking discovery by an examination of the poles and wires. [105]

BILL IN EQUITY, filed in the Superior Court on December 7, 1955.

Demurrers to the bill were heard by *Kirk*, J.

In this court the case was argued before *Wilkins*, C.J., *Ronan*, *Williams*, *Counihan*, & *Cutter*, JJ., and afterwards was submitted on briefs to all the Justices.

*Harry J. Williams*, (*Ruth M. deBellis* with him,) for the plaintiff.

*Charles F. Choate*, (*Philip Dexter* with him,) for the defendants Norumbega Park-Totem Pole Corporation and another.

*Merritt J. Aldrich*, for the defendants Boston Edison Company and another.

CUTTER, J. The plaintiff filed a bill for discovery against Boston Edison Company (hereinafter called Edison), its president, Thomas G. Dignan, Norumbega Park-Totem Pole Corporation (hereinafter called Norumbega) and its president, Thomas L. Gill. The plaintiff appeals from the interlocutory decree sustaining the general demurrers of the defendants and from the final decree dismissing the bill.

The bill alleges the following facts among others. An action at law, which is still pending, was brought against Edison by the plaintiff, in the Superior Court, to recover for injuries sustained on April 24, 1952, while working upon Norumbega's premises as a painter for an independent contractor. The plaintiff came in contact with a high voltage wire. While struggling to free himself, the staging upon which he was working collapsed and he was thrown to the ground. The declaration alleged that the wire was owned by Edison as part of an electrical system maintained by Edison in a negligent manner. The plaintiff in the action at

law filed interrogatories to Edison. Exceptions are pending
to the denial of his motion for further answers. The plaintiff
also had recourse to the procedure under G. L. (Ter. Ed.)
c. 231, § 69, as appearing in St. 1946, c. 450, for securing the
formal admission of facts.

The plaintiff further asserts in his bill that he has a cause
of action against Norumbega; that he cannot go upon the
land of Norumbega to make examination of the premises;
that the plaintiff, because confined to the hospital for a pro-
longed period, was unable to cause prompt investigation of
the accident to be made; that the location of the relevant
wires has been intentionally changed since the accident;
and that there are various other difficulties which prevent
the plaintiff from discovering important facts about the
ownership, control, and location of these wires at the time
of the accident. The bill is argumentative and diffuse and
contains many immaterial statements. It seeks no equitable
relief apart from discovery, but it asks discovery on a wide
range of questions of a character which, so far as properly
to be asked under any procedure, might be asked by inter-
rogatories in the action at law, and also requests that the
court direct the defendants to permit the plaintiff's investi-
gators "to go upon the premises owned by . . . Norumbega
. . . and there make . . . examinations, tests . . . and photo-
graphs."

1. The demurrers are addressed generally to the whole
bill and are not special demurrers to particular paragraphs.
They cannot be sustained merely because particular para-
graphs are vague and argumentative. *Collector of Taxes
of Lowell* v. *Slafsky,* 332 Mass. 700, 704. *State Realty Co.
of Boston, Inc.* v. *MacNeil Bros. Co.* 334 Mass. 294, 298.
The demurrers must be overruled if in this proceeding "the
plaintiff is entitled to any of the discovery . . . [he] seeks."
*Post & Co.* v. *Toledo, Cincinnati, & St. Louis Railroad,*
144 Mass. 341, 350. Questions of discretion to deny relief,
which frequently considerably affect a determination
whether discovery will be granted (see *Cline* v. *Cline,* 329
Mass. 649, 652–653), are not open upon demurrer. See

*Massachusetts Chiropractic Laymen's Association, Inc.* v. *Attorney General,* 333 Mass. 179, 180.

2. The bill does not show that an action is pending against Norumbega and Gill and it is not specifically alleged that one is contemplated. On the facts appearing in the bill such an action for an injury occurring in 1952 would seem to be barred by the applicable statute of limitations. G. L. (Ter. Ed.) c. 260, § 2A, inserted by St. 1948, c. 274, § 2. If the plaintiff ever had a cause of action against Norumbega (compare *Trott* v. *Yankee Network, Inc.* 335 Mass. 9), Norumbega now could be made a defendant only by the allowance of an amendment joining Norumbega in the pending action against Edison. *Johnson* v. *Carroll,* 272 Mass. 134, 136–138. See *King* v. *Solomon,* 323 Mass. 326, 331. "The allowance of such an amendment . . . rests in sound judicial discretion" (*Genga* v. *Director General of Railroads,* 243 Mass. 101, 104). A bill for discovery will not usually lie against strangers to pending or proposed litigation, like Norumbega and Gill, who at most are shown to be prospective witnesses, or to possess evidence which may be of use, in the action in aid of which discovery is sought. *American Security & Trust Co.* v. *Brooks,* 225 Mass. 500, 502. See Pomeroy, Equity Jurisprudence (5th ed.) § 197b. Accordingly, the demurrers of Norumbega and Gill would be sustained apart from the question, discussed later, whether discovery should be given as against Norumbega, for the sole purpose of giving the plaintiff opportunity to inspect the Edison wires and poles on Norumbega's land.

3. With respect to Edison and Dignan, the plaintiff's bill (a) reveals that efforts to obtain discovery by statutory methods in the action at law have not been completed, and (b) does not allege substantive facts showing that he cannot obtain under statutory discovery most of the pre-trial information from Edison and Dignan to which he is entitled. Accordingly, we first consider whether the plaintiff may have discovery by separate bill in equity in respect of those matters where the statutory procedure is adequate.

Statutory discovery includes (a) interrogatories, G. L. (Ter. Ed.) c. 231, §§ 61–67, 89; (b) demands for formal admissions, G. L. (Ter. Ed.) c. 231, § 69, as amended; and (c) examination of real estate in specified instances, G. L. (Ter. Ed.) c. 153, § 9; see *Wylie* v. *Blake & Knowles Steam Pump Works,* 221 Mass. 489, 490–492; *Owens-Illinois Glass Co.* v. *Bresnahan,* 322 Mass. 629, 633. These procedures were designed to "substitute, in place of the tedious, expensive and complex process of a bill of discovery . . ., an easy, cheap and simple mode of interrogating an adverse party, as incident to and part of the proceedings in the cause in which the discovery was sought." *Wilson* v. *Webber,* 2 Gray, 558, 561–562, which points out that interrogatories were introduced at a time when a party could not be a witness "to give a limited right to obtain evidence from an adverse party, in analogy to the well settled rules regulating bills of discovery in the court of chancery in England." See St. 1851, c. 233, §§ 98–111; St. 1852, c. 312, §§ 61–74.

Complicated rules governed bills for discovery and the pleadings connected with them under the old equity practice. See, for example, Langdell, Equity Pleading (2d ed.) §§ 38, 167–181; Langdell, Discovery under the Judicature Acts, 11 Harv. L. Rev. 137, 205, 207 et seq.; 12 Harv. L. Rev. 151; Story, Equity Jurisprudence (14th ed.) §§ 105–115; 1927–1956; G. T. Curtis, Equity Precedents, 110, 149–151. In most cases, discovery can now be as readily provided by the simple statutory interrogatories (available in equity as at law) as by the pre-1851[1] procedures. This probably is responsible for the insignificant use of bills for discovery during the last century.

The plaintiff relies on general statements, found in cases decided since 1851, indicating that bills for discovery are still within the equity jurisdiction of our courts. These

---

[1] In 1851, the commissioners (Benjamin R. Curtis, later an Associate Justice of the Supreme Court of the United States, Nathaniel J. Lord, of Salem, and Reuben A. Chapman, later Chief Justice of this court) to report a reform in judicial proceedings (see Res. 1849, c. 48) characterized the old equity bill for discovery as "a slow, expensive, and we think the experience of the profession will justify us in saying, almost a useless remedy." See Junius Hall, Practice Act of 1851, 156.

cases were reviewed in *Owens-Illinois Glass Co.* v. *Bresnahan,* 322 Mass. 629, 631–634,[1] and include *Walker* v. *Brooks,* 125 Mass. 241, 248 (where discovery in connection with a bill for substantive relief was denied when the substantive relief was denied and the plaintiff did "not show that any discovery is required in aid of proceedings at law"); *Post & Co.* v. *Toledo, Cincinnati, & St. Louis Railroad,* 144 Mass. 341; *American Security & Trust Co.* v. *Brooks,* 225 Mass. 500, 501 (where discovery against one who was a stranger to prospective litigation was denied, the court saying, "There is no doubt of the jurisdiction of the court to entertain bills for discovery, although the usefulness of such bills has, to a great extent, been taken away by statutes authorizing interrogatories to the adverse party and compelling such party to testify at the trial"); *Rosenblum* v. *Springfield Produce Brokerage Co.* 243 Mass. 111, 120–121. Compare *Brown* v. *Corey,* 191 Mass. 189, 192, where it was said, "The bill cannot be maintained for discovery alone if that is not incidental to any relief which the court has the right to grant." The *Owens-Illinois* case (322 Mass. 629, 633) suggests that this meant only that, in view of denial of the substantive relief in connection with which discovery was sought in *Brown* v. *Corey,* there was no occasion for continuing the bill for discovery alone. The same comment may be made about the statements in *H. E. Shaw Co.* v. *Karcasinas,* 278 Mass. 397, 401. See also *Chamberlain* v. *James,* 294 Mass. 1, 12.

Various statutes indicate that equitable jurisdiction over bills for discovery still exists. General Laws (Ter. Ed.) c. 214, § 12, provides that "Discovery may be sought by inserting a prayer therefor in the bill or petition or by interrogatories." In G. L. (Ter. Ed.) c. 214, § 13, it is provided, "An answer, except to a bill for discovery only, . . . shall not be made under oath . . . ." General Laws (Ter. Ed.) c. 261, § 12, reads in part: "In suits . . . in which, as

[1] See also discussions of the Massachusetts cases on discovery in Richardson, Equity Pleading and Practice (1926) at pages 83–88; Reed, Equity Pleading and Practice, §§ 294, 720. See Grinnell, Discovery in Massachusetts, 16 Harv. L. Rev. 110, 111–112, 193; 201–208.

to one or more of the defendants, the plaintiff seeks merely
for a discovery of facts which are material to his rights . . .
in a pending or anticipated suit, and not for a decree against
them, the court shall allow such defendants all their reason-
able costs . . ., and likewise although the plaintiff prays
for a decree, if the court is satisfied that the prayer is
frivolous, a mere pretence, or is not essentially connected
with the subject matter of the discovery."[1]

The statutes (see *Owens-Illinois* case, 322 Mass. 629, 633)
governing interrogatories do not expressly state that inter-
rogatories are a substitute for equitable discovery, but in
view of the limited character of the latter prior to the intro-
duction of interrogatories by St. 1851, c. 233, § 98 (see
Junius Hall, Practice Act of 1851; pages 124–128; 150–156;
194–197), and the much broader character of the statutory
procedure, there is reason for the suggestion in the annota-
tion of Superior Court Rules (1932), Rule 30, at page 113,
that some at least of the statutory references to equitable
discovery have been "unnecessarily and perhaps acciden-
tally preserved."

There are few instances in which equitable discovery con-
tinues to have any practical significance. These are illus-
trated by some of the very rare bills for discovery con-
sidered by this court in the last century. The cases fall into
two main groups.

The first group consists of bills seeking discovery alone.
Here (despite broad language already quoted) relief in fact
has been permitted only in circumstances (a) where the
statutory procedure was inadequate to obtain the necessary
information, and (b) where the information sought could
have been obtained under a pre-1851 bill for discovery.
The *Owens-Illinois* case (322 Mass. 629) is a recent example.
There it was held that a bill could be maintained to obtain
examination of a chattel, which could not be obtained by
statutory interrogatories. See also *Post & Co.* v. *Toledo,*

---

[1] See also the specialized provision for discovery in the Probate Court,
where concealment of the assets of a deceased person is suspected. G. L.
(Ter. Ed.) c. 215, § 44, as appearing in St. 1943, c. 91. See also *McNulty* v.
*Howe,* 290 Mass. 597; *Cline* v. *Cline,* 329 Mass. 649.

*Cincinnati, & St. Louis Railroad,* 144 Mass. 341 (which permitted a bill for discovery to obtain evidence in aid of a proposed action in Ohio, in which the statutory discovery procedures would have been wholly ineffectual). Compare, however, *American Security & Trust Co.* v. *Brooks,* 225 Mass. 500, 502–503 (where a bill for discovery was held, on demurrer, not to lie against a stranger to pending or proposed litigation).

In the second main group of cases discovery was prayed for as an incident to substantive equitable relief sought by the bill rather than as an aid to separate litigation. In *Rosenblum* v. *Springfield Produce Brokerage Co.* 243 Mass. 111, 120–121, it was said, in considering a demurrer to a bill for an accounting, that discovery could be had as an incident to the principal relief sought. *Walker* v. *Brooks,* 125 Mass. 241, 248, *Brown* v. *Corey,* 191 Mass. 189, and *H. E. Shaw Co.* v. *Karcasinas,* 278 Mass. 397, 401, are instances where discovery, sought as an incident to other equitable relief, was denied when the main purpose of the bill failed. In *Ahrend* v. *Odiorne,* 118 Mass. 261, 269 (where the plaintiff sought both substantive relief and discovery), the court said that a bill for discovery cannot be maintained where "it is not shown that the discovery for which it prays is anything but incidental to the relief sought *or could not be had by interrogatories in an action at law*" (emphasis supplied).[1] This decision, like *Wilson* v. *Webber,* 2 Gray, 558, 561–562, may reflect the contemporary view that in 1851 an adequate statutory procedure was substituted for an outworn equitable makeshift.

In the light of this history of discovery since 1851, both in equity and under the statutory methods, a majority of the court is of the opinion that our courts (with respect both to bills for discovery alone and to bills including incidental

---

[1] The case was decided prior to the enactment of St. 1877, c. 178, § 1 (granting general equitable jurisdiction), and must be read with caution (see *Nelson* v. *Sanderson,* 285 Mass. 583, 589) because of the narrow view of equity powers then prevailing. See Reed, Equity Pleading and Practice, § 34; Story, Equity Jurisprudence (14th ed.) § 33. The case is also one in which, since substantive relief was to be denied, the bill would not normally be retained for discovery alone.

prayers for discovery) should not be required to exercise the ancient equity discovery jurisdiction except upon an affirmative allegation of facts in the bill establishing that the simpler statutory procedure is inadequate. The defence that there is an adequate statutory remedy properly may be raised by demurrer where the existence of the defence is shown by the allegations of the bill (see *Edgett* v. *Palmer*, 225 Mass. 377, 379; *Bonner* v. *Chapin National Bank*, 251 Mass. 401, 408–409; *Baskes* v. *Cushing*, 270 Mass. 230, 232; *Giles* v. *Giles*, 293 Mass. 495, 498) even though, upon an affirmative showing in the bill that the statutory procedure is inadequate, there would be concurrent jurisdiction in a court of equity to grant discovery relief. Since 1851, the efforts of the Legislature to improve discovery have been concentrated upon establishing and regulating the statutory procedure.[1] The purpose of discovery legislation will be carried out more effectively if resort to the simple statutory procedure is required, where it is adequate, leaving bills for discovery for use only with respect to matters where proper discovery under the statutes cannot be obtained. See *Durant* v. *Goss*, 12 Fed. (2d) 682 (C. C. A. 6); *Jenkins Petroleum Process Co.* v. *Sinclair Refining Co.* 62 Fed. (2d) 663 (C. C. A. 1), affirmed sub nomine *Sinclair Refining Co.* v. *Jenkins Petroleum Process Co.* 289 U. S. 689; *Pressed Steel Car Co.* v. *Union Pacific Railroad*, 240 Fed. 135, 137 (S. D. N. Y.). See also Pomeroy, Equity Jurisprudence (5th ed.) §§ 193, 197a.

The bill shows that, in the pending action at law, the trial judge has ruled that the plaintiff is not entitled to further discovery under the statutory procedures. Thus, the effect of entertaining a bill for discovery as to matters covered by statutory discovery would be to review by indirection the

---

[1] The recent development of discovery in other jurisdictions has been made largely through procedures prescribed by statute or court rule (for example, the Federal Rules of Civil Procedure, Rules 26–37; 308 U. S. 645 et seq., 329 U. S. 854–859; 335 U. S. 929–930) rather than in use of the bill for discovery in equity. See discussions in "The Bill of Discovery under Reformed Procedure," 44 Harv. L. Rev. 633, especially at page 637; James, Discovery, 38 Yale L. J. 746; Discovery Practice in States Adopting the Federal Rules of Civil Procedure, 68 Harv. L. Rev. 673.

action of the trial judge. The obvious objections to this type of duplication of effort lend support to the conclusion which we reach. See *Hohmann* v. *Corkran*, 100 N. J. Eq. 234, affirmed on opinion below, 102 N. J. Eq. 333; *Hague* v. *Warren*, 142 N. J. Eq. 257, 263–268.

4. It remains for us to consider whether the plaintiff has any adequate statutory method of discovery with respect to the Edison poles and wires situated on Norumbega's land. It appears from the bill that the plaintiff was an employee of an independent contractor and not of either Edison or Norumbega. Accordingly, it is doubtful whether pre-trial access to the poles and wires (compare G. L. [Ter. Ed.] c. 234, § 35, relating to views during trial) can be given under G. L. (Ter. Ed.) c. 153, § 9, which permits an employee, injured "through some defect in the ways, works or machinery owned or used by the employer," to make an examination of them. This doubt is sufficient so that the demurrers of the corporate defendants cannot be sustained on the ground that statutory discovery is adequate. If, upon hearing on the merits, it should appear that available statutory discovery is inadequate in fact, we think that the Superior Court has discretion to permit discovery in equity to the extent of an examination, by the plaintiff or his proper representatives, of the Edison poles and wires.

Under a bill for discovery, examination of tangible personalty and real estate of a party to pending litigation may be permitted in the sound discretion of the court. *Owens-Illinois Glass Co.* v. *Bresnahan*, 322 Mass. 629, 631. *Reynolds* v. *Burgess Sulphite Fibre Co.* 71 N. H. 332. *Kynaston* v. *East India Co.* 3 Swanst. 248, affirmed sub nomine *United Co. of Merchants of England, Trading to the East Indies* v. *Kynaston*, 3 Bligh, 153, 167–168 (inspection of warehouse). *Attorney General* v. *Chambers*, 12 Beav. 159 (examination of mines). *Bennett* v. *Griffiths*, 3 E. & E. 467, 476–477 (examination of defendant's mine). See Pomeroy, Equity Jurisprudence (5th ed.) § 207b and authorities there discussed; Wigmore, Evidence (3d ed.) § 1862; Bray, Discovery (1885 ed.) pages 577–582; Notes, 33 A. L. R. 16;

13 A. L. R. (2d) 658. However, with minor exceptions, discovery was traditionally confined to property and documents owned or controlled by a party to the action. *Kelly* v. *Morrison*, 176 Mass. 531, 535–536. *American Security & Trust Co.* v. *Brooks*, 225 Mass. 500, 503–504, where the court said, "To relax the salutary rule so firmly established and thereby permit bills of discovery to be maintained against persons not parties to any proposed litigation, in a contest between others, would, in our opinion, give rise to abuses which it was intended the establishment of the rule would prevent." *Warrick* v. *Queen's College, Oxford (No. 2)*, L. R. 4 Eq. 254, 255 (documents in which a third party, as well as the defendant, had an interest not required to be produced). *Hadley* v. *McDougall*, L. R. 7 Ch. 312 (pre-trial discovery of partnership books denied against defendant's partner). Bray, Discovery (1885 ed.) pages 39–89. Compare, however, *Lefebvre* v. *Somersworth Shoe Co.* 93 N. H. 354, 357 (discovery allowed against a State agency for analysis of a fluid sent to it by the defendant); *Marsden* v. *Panshall*, 1 Vern. 407, 408 (where a pawnbroker was compelled to permit inspection of cloth wrongly pawned to him by another, the probable defendant in a proposed action); *Earl of Macclesfield* v. *Davis*, 3 V. & B. 16, 18 (where inspection was permitted of chattels in the hands of the banker of one of the defendants, referred to by Lord Eldon as "holding merely as Agent" of the defendant). *Bovill* v. *Cowan*, L. R. 5 Ch. 495, 496 (court indicated that it would inquire further into nature of joint ownership before denying discovery of jointly owned documents). *Vyse* v. *Foster*, L. R. 13 Eq. 602, 605 (preliminary discovery allowed as to partnership documents against defendants, executors of a deceased partner).

So far as these cases deny discovery with respect to the property of a person not a party to pending or proposed litigation, they seem to us distinguishable. It is plain that Edison has some interest in the poles and wires which are on the land of Norumbega. If, at the hearing on the merits, it appears that Edison, as a condition of furnishing service to Norumbega, by contract, or otherwise, has the privilege

of entering the premises of Norumbega to repair, maintain, inspect, and replace the poles and wires, that is a sufficient interest in them (see *United Electric Light Co.* v. *Deliso Construction Co. Inc.* 315 Mass. 313, 316–317) to warrant granting to the plaintiff the right to examine them. Norumbega (under the somewhat unusual situation here presented) is a necessary party, not for the purpose of affording discovery itself, but merely so that the court may order it to admit the plaintiff and his representatives to its premises (without being guilty of a trespass) at a reasonable time or times to obtain discovery of property in which Edison has an interest, if the trial court shall determine in its discretion that this is necessary. Discovery procedure "must have the capacity of flexible adjustment to changing groups of facts. . . . There are few fields where considerations of practical convenience should play a larger role" (Mr. Justice Cardozo in *Sinclair Refining Co.* v. *Jenkins Petroleum Process Co.* 289 U. S. 689, 693). Allowing Norumbega to be held as a party for the limited purpose here discussed is a practical and reasonable method of administering the equitable remedy of discovery.

5. It has long been regarded as appropriate to join as a party defendant in a bill for discovery against a corporation a corporate officer or officers. See *Wright* v. *Dame,* 1 Met. 237, 239–240; *Post & Co.* v. *Toledo, Cincinnati, & St. Louis Railroad,* 144 Mass. 341, 345; Pomeroy, Equity Jurisprudence (5th ed.) § 199b. It is unlikely that the corporate officers of Edison and Norumbega are in any way necessary parties to obtaining the limited discovery which may be justified upon the allegations of the bill. However, at the hearing of the bill after further pleadings have been filed, it may develop that some order directed to the individual defendants (who are alleged to be in charge of the business of the corporate defendants) is appropriate with relation to any examination which may be permitted. On demurrer, we cannot say that this will not prove to be the case. Their demurrers also should have been overruled.

6. The interlocutory decree sustaining the demurrers and

the final decree are reversed.  The case is to stand for further pleadings and proceedings in the Superior Court consistent with this opinion.  In these further proceedings, discovery is to be denied as against Norumbega and Gill (since they are not parties to the pending action at law), except that these defendants may be ordered to permit the plaintiff to examine the Edison poles and wires on Norumbega's land.  Discovery as against Edison and Dignan (a) is to be denied to the extent that it is of a type which, in the discretion of the court, could be granted under the statutory procedure in the pending action at law, and (b) may be granted, in the sound discretion of the court, either to permit examination of the Edison poles and wires or, upon suitable allegations in an amended bill, as to other information, if any (of a type not obtainable by any statutory discovery), with respect to which the ancient chancery practice would have allowed discovery.  The defendants are to have costs of this appeal.  G. L. (Ter. Ed.) c. 261, § 12.

*So ordered.*