TOP VALUE ENTERPRISES, INC. *vs.* MARGARET BORRELLI & another.

Suffolk. May 4, 1966. — May 12, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Equity Jurisdiction,* Discovery.

G. L. c. 231, § 61, providing for interrogatories, does not apply to the production and examination of ordinary chattels.

In a suit in equity commenced in 1965 by the defendant against the plaintiffs in an action of tort based on an allegedly defective vacuum cleaner, the equity court had jurisdiction to grant the relief sought by the bill of ordering production of the vacuum cleaner for examination, but it was in the discretion of the court whether or not to grant such relief.

BILL IN EQUITY filed in the Superior Court on October 28, 1965.

The suit was heard by *Cahill,* J.

The case was submitted on briefs.

*Robert A. Curley & Alfred L. Morin* for the plaintiff.

*Morris Michelson & Alan B. Brams* for the defendants.

WILKINS, C.J.    This is a bill for discovery seeking the production of a vacuum cleaner for examination.    The defendants, husband and wife, are plaintiffs in a tort action for damages arising out of an injury to the female plaintiff caused by an allegedly defective vacuum cleaner received from the defendant there (the plaintiff here) in exchange for trading stamps.    The bill was dismissed by a final decree, and the plaintiff appealed.    There are no findings, and nothing shows the ground of the trial judge's action.

This case arose before the effective date of Rule 15 of the General Rules (effective April 1, 1966).    The interrogatories statute, G. L. (Ter. Ed.) c. 231, § 61, extends only to the discovery of facts and documents and does not apply to the production and examination of ordinary chattels. *Owens-Illinois Glass Co.* v. *Bresnahan,* 322 Mass. 629, 633. The court below had jurisdiction to grant discovery of the vacuum cleaner, but this was entirely in its sound discretion.    *MacPherson* v. *Boston Edison Co.* 336 Mass. 94, 103–104.    In so far as the *Owens-Illinois Glass Co.* case discussed *Reynolds* v. *Burgess Sulphite Fibre Co.* 71 N. H. 332, 340, this court, contrary to the plaintiff's contention, did not make a suggestion of its own that the examination of the chattel was matter of right, rather than of discretion. See *Cline* v. *Cline,* 329 Mass. 649, 652–653.

*Decree affirmed.*