### TERENCE M. O'REILLY *vs.* SUPERIOR COURT.

APRIL 8, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Trial.  Examination of Subject Matter in Dispute.  Expert evidence.*
The Superior Court has no authority apart from the statute (Gen. Laws, 1923, cap. 342, secs. 18 and 19) to permit a party to a cause to examine the subject matter in dispute, which is under the control of the opposing party.

ASSUMPSIT.  Heard on petition for writ of prohibition and granted.

STEARNS, J.  Petition for a writ of prohibition.

Petitioner is the defendant in an action on book account, now pending in the Superior Court, in which the Crooker Company, plaintiff, seeks to recover for certain flooring furnished and laid by plaintiff in defendant's dwelling house.

Prior to trial, plaintiff filed a motion alleging that in order to prepare its case for trial, it was necessary for plaintiff to examine the flooring with experts, and requesting the court to enter an order allowing plaintiff, with one or more experts, to examine the flooring. This motion was heard and granted. Thereafter, on motion of defendant, the entry of the order was stayed by the Superior Court to allow defendant to submit the question to this court.

General Laws, 1923, Chapter 342, sections 18 and 19, provide for the appointment by any justice of the Superior Court in any cause at any time before trial, on motion of either party, of one or more disinterested skilled persons to serve as expert witnesses; that the fees for such experts as fixed by the court shall be first paid by the moving party to the clerk of the court and shall form part of the costs of the case; such experts, after being sworn to make an impartial examination into the matters and things committed to them, are required to report their findings to the court and to attend the trial until excused by the court; the report, if in writing, becomes a part of the record of the case; any party may also call and examine or cross-examine such expert witness at the trial. Plaintiff asks permission to make an examination with experts selected by himself, who may or may not be witnesses at the trial, as he elects.

The motion is based not on any statute, but on an alleged inherent authority in the court, apart from the statute, to authorize such an examination. We think the court does not have such authority. In some jurisdictions where there are no enabling statutes, it has been held that the trial court has such a power, the reason given being on the ground of necessity, in order that all the available evidence may be presented to the court and that a party shall not be permitted to withhold evidence which is under his control. Other authorities hold that the trial court in an action at law prior to the trial, has no such authority. This latter view is more consistent with precedents and the practice at common law, the general rule being that neither party in a common law

action can compel his opponent to disclose or to furnish evidence before trial. In *Union Pacific Railway* v. *Botsford*, 141 U. S. 250, it was held that in the absence of a statute confirming the right, a plaintiff in an action for an injury to the person can not be compelled to submit to a physical examination prior to trial. The court in its opinion considers the general question of the alleged inherent power of the court at length and reviews the authorities, both in this country and in England. See also *Stack* v. *N. Y., N. H. & H. R. R. Co.*, 177 Mass. 155; *McQuigan* v. *Delaware, Lackawanna and Western Railroad*, 129 N. Y. 50. In the *Stack* case, *supra*, HOLMES, C. J., said, in regard to the power of the court to order a physical examination of a plaintiff, if such a power existed in the practice at common law which we inherited, it must have been enforced either by judgment in the case or by process of contempt, and upon consideration of the precedents the court concluded that the trial court, apart from statute, could not thus enforce such an order and that the power did not exist. This statement of the law is alike applicable to the present motion. In *Martin* v. *Elliott*, 106 Mich. 130, it was held, in an action for breach of warranty of a horse, the court had no power to order that defendant have the privilege of sending a veterinary into plaintiff's stable to examine the horse. By Section 20, Chapter 342, in actions for personal injuries provision is made for physical examination of a plaintiff, with proviso that the action shall be continued until such examination shall have been made, and also that upon application of plaintiff in such actions the court may require the defendant to permit the attorney of plaintiff, with or without experts appointed under the statute, to view and examine the place and cause of such injury. A court of common law has no compulsive power for the production of books and papers belonging to a party. Blackstone's Commentaries, Book 3, p. 380. By Section 50 provision is now made for the production and inspection of documents in the control or possession of the adverse party. The enactment of such

statutes permitting certain examinations prior to trial, although not conclusive, is some evidence that without such statutory authority the court lacked the authority thereby specifically given.

The petition for a writ of prohibition is granted.

*Terence M. O'Reilly, pro se ipso.*

*Waterman & Greenlaw, Charles E. Tilley,* for respondent.