TERENCE M. O'REILLY *vs.* SUPERIOR COURT.

JUNE 3. 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

STEARNS, J.  Petition for a writ of *certiorari.*

Petitioner is the defendant in an action on book account now pending in the Superior Court, in which the Crooker Company, plaintiff, seeks to recover for certain wooden flooring sold to defendant and laid by plaintiff in his dwelling house.

On motion of plaintiff prior to the trial, a justice of the Superior Court after a hearing, and against the objection of defendant, appointed one A. Ardrey to serve as an expert witness in the cause and also ordered the defendant to permit said expert witness to examine the flooring in the dwelling house of defendant at a time specified in the order.

The order was stayed in the Superior Court pending a decision in this court of the authority of the court to make such an order. In a proceeding between the same parties upon the same cause of action recently decided, we held that at common law the Superior Court had no authority to make such an order. (*O'Reilly* v. *Superior Court*, 45 R. I. 491.) Thereafter plaintiff moved for the appointment of an expert witness under the statute (Gen. Laws, C. 342, §§ 18, 19 and 20). The question is, did the trial court have authority under the statute to make the order complained of? The provisions of the statute in question first appear in the revision of the laws of 1893, known as the Judiciary Act. Section 18 provides that any justice of the Superior Court may, in any cause, civil or criminal, on motion of either party, at any time before trial appoint one or more disinterested skilled persons to serve as expert witnesses. Section 19 provides for the procedure by such witnesses. After taking an oath to make an impartial examination into the matters committed to them, they are to "proceed to view and examine such persons, matters and things, to read and hear such evidence and in such manner, times and places, whether by attendance at the trial of such cause or otherwise;" to report their findings and opinion thereon to the court and such report, if in writing, shall form part of the record of the cause and shall be produced in evidence at the trial thereof, and such experts shall attend at such trial until excused by the court. It is further provided that any party to the cause may call and examine, or cross-examine any such expert at the trial, as to the matters, persons, things, views, findings and opinions contained mentioned or referred to in any such report. Section 20 provides that in any action for damages for injury to body or health wherein an expert shall be appointed under the preceding two sections (18 and 19) to make an examination of the body and health of the injured person the justice shall require the injured person to submit to an examination of his body and health by such experts and the action shall be

continued until such examination shall have been made. The only express authority to require either party to submit his person or property to a preliminary examination by experts is confined to an involuntary examination of the plaintiff in a personal injury case. Subsequently by amendment another clause was added to which reference will be made hereafter. The only penalty imposed for refusal to permit such examination is the denial to plaintiff of the right to proceed with the trial of the cause. The authority of the justice of the Superior Court to compel defendant to allow the expert witness to enter and examine his dwelling house, if it exists, must be found to have been granted by implication. If such authority is granted by implication, the express authority given to the court by Section 20 to require a particular examination therein provided for was unnecessary. In view of the fact that such express authority was conferred on the court it is a fair conclusion that it was considered to be necessary. Assuming for the moment that the Superior Court has the necessary authority, by implication, to compel obedience to the order in question, how is it to proceed? It can not authorize the expert to make a forcible entry as it is well settled that even an officer of the court ordinarily has no authority to make a forcible entry into a dwelling house for the purpose of executing a civil writ or process. *Clark* v. *Wilson*, 14 R. I. 11. The order must then be enforced either by judgment in the cause or by process of contempt. There is no authority to enter judgment. Such penalty was not imposed upon the recalcitrant plaintiff. The enforcement then must be by process of contempt. This is a summary power generally and properly used by the courts only of necessity and in exceptional cases. Authority for its use by implication for the enforcement of general statutory provisions such as those under consideration should only be inferred for convincing reasons. The common law has always given a special protection and sanctity to one's dwelling house and in the protection thereof against unlawful intrusion certain acts of

defence are permitted which are not permitted in the defence of other kinds of property.

The statutory authority to appoint expert witnesses to examine "persons, matters and things" prior to the trial although expressed in general terms is clearly not intended to be unlimited. No distinction is made in the act between civil and criminal proceedings, but the constitutional provision in regard to self incrimination is one illustration of one limitation in a criminal cause. Without attempting to fix the exact limits of the statute, it is sufficient to consider the particular question before us. Plaintiff is seeking to secure evidence, before trial, in aid of an action at law, not primarily however to establish its own case. Having furnished and laid the flooring, it presumably has proof of its right of action. In effect, it seeks to discover in advance of trial the defence to the action. This it could not accomplish by the method of a bill of discovery and there is nothing in the statute which shows an intention to give such a right as is now claimed.

Our conclusion is that the court had no authority to order defendant to admit the expert witness into his dwelling house, and so much of the order as directs this to be done is invalid. Our interpretation of the statute is further confirmed by consideration of the amendment to Section 20, which first appears in the revision of the laws in 1905, known as the Court and Practice Act, whereby it is provided that in any such action (for personal injury) the Superior Court may, upon application of the plaintiff, require the defendant to permit the attorney of the plaintiff, with or without any expert appointed under sections 18 and 19, to examine the place and cause of such injury. An obvious and perhaps primary object of the statute was to enable the defendant and later, by the amendment, the plaintiff in personal injury cases to secure in advance of the trial certain information in regard to the case of his opponent. If express authority were considered to be necessary in personal injury cases to warrant the issuance of an order requiring a de-

fendant to permit an inspection of the premises in which an accident occurred, it is reasonable to believe that, if it were intended to give a right of entry into a dwelling house in a case other than one for personal injury, a like express authority would have been given by statute.

The last paragraph of said order of the Superior Court entered on the 19th day of April, 1924, whereby the defendant is ordered to permit said expert witness to examine the flooring in the dwelling house of said defendant, is quashed.

*Terence M. O'Reilly, pro se.*

*Waterman & Greenlaw,* for respondent.