EMMA DUGDALE *vs.* AMOS F. CHASE, *Ex.*

DECEMBER 11, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This probate appeal is before this court on appellant's exception to the decision of a justice of the Superior Court dismissing the appeal for lack of jurisdiction.

The motion to dismiss the appeal was based upon the following facts. At a session of the Probate Court of the Town of East Greenwich held on the 31st day of July, 1930, said court entered its order and decree admitting to probate the will of Emma G. Bowen and ordered that letters testa-

mentary issue to Amos F. Chase who was named executor in said will. Mr. Chase gave the bond required by said court and letters testamentary were issued to him by the probate clerk under date of July 31, 1930. August 3, 1930, Emma Dugdale filed in the office of the probate clerk a claim of appeal to the Superior Court from said order and decree. September 20, she filed in the Superior Court her reasons of appeal from said order and decree.

In the Superior Court the executor filed a motion to dismiss the appeal on the ground that the appellant did not file her reasons of appeal within the time limited by statute. After hearing the court granted the motion. There was no error in this ruling of the court.

A person wishing to take an appeal from an order or decree of a probate court must comply with the procedure required by §5400, G. L. 1923. This section requires: First, that within forty days after the entry of the order or decree appealed from a claim of appeal shall be filed in the office of the clerk of the probate court; second, that within fifty days after the entry of such order or decree, the appellant shall file in the Superior Court a certified copy of his claim of appeal and the record appealed from and his reasons of· appeal. The appellant did not comply with this second requirement to perfect her appeal, as she did not file her reasons of appeal until fifty-one days after the entry of the order and decree appealed from.

The probate court has exclusive original jurisdiction in matters relating to the probating of wills. The jurisdiction of the Superior Court in such matters is only appellate. The statutory procedure authorizing an appeal from the probate court to the Superior Court must be strictly complied with. In *Kenyon* v. *Probate Court*, 17 R. I. 652, this court held that the appeal must be dismissed when it appeared that the appellant did not file her claim of appeal in the probate court within forty days after the entry of the decree sought to be appealed from. In *Fish* v. *Field et al.*, 40 R. I. 180, it appeared that the appellant did not file his reasons of

appeal within the fifty days limited by statute after the entry of the order and decree appealed from. The Superior Court refused to permit the appellant to file his reasons of appeal after the expiration of the fifty days and this court affirmed such refusal.

Appellant argues that she has complied with the express requirements of the statute necessary to perfect her appeal because it appears that the probate clerk did not record the order and decree of the probate court until the 8th day of August and that her reasons of appeal were filed in the Superior Court within fifty days thereafter. This argument is not tenable. The probate clerk is required to record the orders and decrees of the probate court as of the date that they are made and not at such a time as it suits his convenience to write the order or decree upon the probate records. But, even if the appellant's argument were sound, the appeal could not be sustained because she did not comply with the first requirement of the statute by filing any claim of appeal in the office of the probate clerk after the clerk had written the order and decree upon the probate records.

For the reasons stated the exception is overruled. The case is remitted to the Superior Court in Kent County for further proceedings.

*Quinn, Kernan & Quinn, Michael De Ciantis,* for appellant.

*Grim, Littlefield & Eden, Benjamin W. Grim,* for appellee.