THE THEW SHOVEL COMPANY *v.* JOSEPH McCORMICK, JR., EX.

MAY 19, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J.   This is a bill in equity brought against Joseph McCormick, Jr., executor of the will of Joseph McCormick, for discovery in aid of a certain action at law which complainant proposes to bring.   The bill alleges that the complainant sold a gasoline shovel to Joseph McCormick in his lifetime for the sum of $10,500 on a conditional sale contract; that although certain payments on said contract have been made, a balance of $2,035.71 plus accrued interest remains unpaid; that said contract provided that title to the shovel remain in the seller until paid for, and that the shovel should not be removed from the State of Rhode Island without the knowledge and consent of the seller; that a demand by complainant upon said executor for payment of the balance due under the contract has been refused; that complainant thereafter issued out of the Superior Court a writ of replevin to recover possession of said shovel; that the writ was returned by the sheriff with a notation that he was unable to find the shovel; that various efforts were made by the complainant to discover the whereabouts of said shovel; that complainant has requested the respondent to disclose its whereabouts and that the respondent has refused so to do.   The bill prays:   That the respondent may be held to account for the possession of said shovel to the complainant and may be ordered by the proper decree of this court to disclose the whereabouts of said shovel, he having control and possession of the same in his capacity as executor;   and that the respondent be restrained and enjoined from transferring, selling, mortgaging or otherwise encumbering and transferring the said shovel except under and by virtue of an order of this court. The bill concludes with a general prayer for other relief.

The respondent demurred to the bill on the grounds hereinafter stated.   The Superior Court sustained the demurrer and entered a decree dismissing the bill.   The

cause is here on complainant's appeal from said decree. The several grounds of the demurrer assigned by the respondent present the specific questions raised by this appeal. The grounds of demurrer are as follows: (1) That it appears from said bill that the complainant has a plain, adequate and complete remedy at law; (2) that it appears from said bill that this court has not jurisdiction in equity of the matters stated and charged therein; (3) that there is no equity in favor of the complainant on account of the matters set forth in said bill.

The second and third grounds will be combined and discussed under one heading.

In 9 R. C. L. at 173, the general rule is stated as follows: "A bill of discovery may be maintained, not only in aid of a suit already brought, but to aid the plaintiff in a suit which he intends immediately to bring if the bill discloses a cause of action."

It is apparent from the bill that the complainant wishes to commence another action of replevin. To do so it is necessary that he learn the whereabouts of the shovel. The respondent has this information which can be obtained from no other source. If the complainant wished to bring an action of trover and conversion against the respondent, personally, the same information would be necessary; without it the complainant could not show the value of the shovel at the time of the conversion and would be entitled to recover only nominal damages. *Pugh Bros. Co.* v. *Marano,* 44 R. I. 1.

No authorities have been cited to show that equity will or will not entertain a bill of discovery to aid a complainant in commencing an action of replevin. No appealing reason is suggested for equity to refuse to accept jurisdiction in this case. Information as to the whereabouts of the shovel is necessary not only to make it possible to serve the writ of replevin but also to prepare the evidence for trial. The bill does allege that respondent has exercised a certain dominion over the shovel by secreting it but whether this

was done before or after the death of Joseph McCormick does not appear, and it is apparent that the complainant does not know. The respondent not having been a party to the contract of conditional sale, it is necessary, in order to charge the respondent in damages for detaining the shovel, to ascertain to a certain extent the history of the shovel and the dealings in reference thereto of Joseph McCormick in his lifetime.

Has the complainant a plain, adequate and complete remedy at law? In his brief the respondent suggests that complainant has remedies as follows: (1) The right to repossess itself of the shovel, one method of which is by an action of replevin; (2) the right to file its claim for the unpaid balance of the account with the executor of the estate of the deceased; (3) the right to maintain trover and conversion against the respondent individually, upon a demand and refusal to deliver up the shovel to the complainant in accordance with the terms of the agreement.

It is apparent that complainant cannot, without the desired information, avail itself of the right first suggested. As to the second, it is sufficient to say that it appears by the bill that the estate is without funds to make payment. To file a claim and await the settlement of an insolvent estate, at the end of which time the shovel, whether used or not, will have depreciated in value, is neither a complete nor an adequate remedy for it would then be necessary to obtain the same information in order to enable the complainant to collect the balance due by enforcing complainant's right to sell the shovel.

Is an action of trover and conversion a remedy sufficient to exclude equity from accepting jurisdiction? So far as appears the complainant is ignorant as to what dominion, if any, the respondent, since the death of his father, Joseph McCormick, has exercised over the shovel. Moreover as we have above pointed out, the very information sought by the bill is necessary to the complainant in order to prove damages in an action of trover and conversion. Such an action appears to be neither plain nor adequate.

In *Falaenau* v. *Reliance Steel Foundry Co.*, 69 Atl. (N. J.) 1098, it is stated in the syllabus that: "The Court of Chancery has jurisdiction over the subject-matter of a controversy involving the right of a seller to resume possession of goods conditionally sold and delivered to a buyer becoming insolvent without having paid for the goods, as against the objection that there was an adequate remedy at law."

It is settled that discovery may be had in aid of an action of trover and conversion;—18 C. J. 1060—and it would be a serious reflection on equity to hold that in the circumstances here involved discovery may not be had in aid of an action of replevin.

The appeal is sustained, the decree appealed from is reversed and the cause is remanded to the Superior Court with direction to overrule the demurrer and for further proceedings.

*Voigt, Wright & Munroe, Hugo A. Clason*, for complainant.
*Hoyt W. Lark, Curran, Hart, Gainer & Carr*, for respondent.