CHARLES F. DeCOURCY *vs.* AMERICAN EMERY WHEEL WORKS.

JULY 17, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review the action of the superior court in denying the petitioner's motion, under general laws 1956, §9-17-19, for the appointment of an impartial expert and for permission under §9-17-21 to view and examine the defendant's premises with such expert. The writ was issued and pursuant there-

452

to the pertinent records and papers have been certified to this court.

It appears therefrom that petitioner is the plaintiff in an action of trespass on the case for negligence pending in the superior court against defendant. The declaration alleges in substance that plaintiff was employed by the Mason Can Company which is located in the city of East Providence; that in such employment he was required to operate a grinder; that attached to this machine was a certain emery wheel manufactured, distributed and sold by defendant; that on or about June 25, 1954, while operating said machine, the emery wheel split, cracked, shattered and disintegrated; and that as the wheel shattered, several fragments struck plaintiff inflicting upon him severe and permanent injuries. Said declaration further alleges that defendant was negligent in the manufacture, production and inspection of the emery wheel and that such negligence was the cause of his injuries.

It also appears from the record that after the pleadings in such action were closed and prior to the trial on the merits, the plaintiff, on January 13, 1959, filed a motion under the provisions of G. L. 1956, §§9-17-19, 20 and 21, for the appointment of an impartial expert for the purpose of making an examination of defendant's place of business, and more especially an examination of the production and testing facilities used by defendant in the making and preparation of emery wheels. In the same motion the plaintiff also requested the superior court to order defendant to allow plaintiff's counsel with such expert to view and examine defendant's premises for the purposes aforesaid at such time and places as the expert might require to enable him to make his report to the superior court in accordance with said order.

On January 16, 1959 the motion was heard before a justice of the superior court and was denied. However, there is nothing in the record before us indicating the grounds

or reason on which the trial justice based such ruling. Thereafter the plaintiff was given leave by this court to file the instant petition for a writ of certiorari to review such ruling.

It is well settled in this state that the superior court has no inherent authority apart from statute to permit a party to a cause to examine, prior to the trial, evidence in the possession or control of the opposing party. *O'Reilly* v. *Superior Court*, 45 R. I. 491. In *O'Reilly* v. *Superior Court*, 46 R. I. 37, the court in effect held that the superior court had no such power under §9-17-19; that there is no implied authority for persons appointed thereunder to enter premises of another; and that the power of the superior court to order a discovery is purely statutory.

The petitioner in this action contends in effect that under §§9-17-19, 20 and 21 he had a right to the relief sought and that the trial justice abused his discretion in denying the motion. On the other hand, respondent contends that the provisions of §9-17-21 do not apply to the facts in this case, but that even if they do the power conferred by the provisions of §§9-17-19, 20 and 21 on the superior court is discretionary and petitioner has failed to sustain his burden that the trial justice abused his discretion.

Section 9-17-19 provides that any justice of the superior court may, in any cause, civil or criminal, on motion of either party, at any time before trial appoint one or more disinterested skilled persons to serve as expert witnesses. Section 9-17-20 provides for the procedure to be followed by such experts in assuming their duties, carrying on their examinations and making their reports to the superior court. Section 9-17-21 deals with actions in the superior court involving personal injury claims. The first portion thereof empowers the superior court to require the plaintiff in such a case to submit to a reasonable physical or mental examination by experts appointed by the superior court for such purpose under §§19 and 20, and also provides

that the action shall be continued until such examination shall have taken place.

The last sentence in §21, which is the provision on which petitioner relies, provides that in any such personal injury action any justice of the superior court "may, upon application of the plaintiff, require the defendant to permit the attorney of record of the plaintiff, with or without any expert or experts appointed under §§9-17-19 and 9-17-20, to view and examine the place and cause of such injury, at such reasonable time, and upon such terms and conditions as said justice may direct."

In our opinion the power vested in the superior court by the provisions of §§19, 20 and 21 is discretionary. At common law the superior court has no such power. In this state the legislature has granted this reservoir of authority to the superior court, but has clearly indicated by its language that such power is to be exercised by the court in certain cases and in its sound discretion. In the instant case the trial justice refused to exercise such power. There is nothing in the record indicating that he denied plaintiff's motion on the ground that the injury did not occur in respondent's premises or that respondent's manufacturing and testing facilities were not the cause of plaintiff's injuries. Therefore on the record before us we do not deem it necessary to determine whether under §9-17-21 the superior court has authority to order an examination of respondent's premises and its manufacturing and testing facilities notwithstanding that the alleged injury did not occur on said premises.

Therefore we are not concerned in this proceeding with citations by petitioner of decisions from other jurisdictions. The only issue before us is whether the trial justice abused his discretion. As we have already stated, there is nothing in the record showing the grounds or the reasons for his ruling. When passing upon a motion calling for an exercise of judicial discretion, a trial justice should state, how-

ever briefly, the reasons upon which he bases his conclusions so that this court may intelligently review the reasonableness of the exercise of discretion involved. See *Lannon* v. *Lannon,* 86 R. I. 451, 136 A.2d 608; *McFarland* v. *Lynch,* 60 R. I. 125, 130. But the petitioner, being the moving party in this proceeding, has the burden of showing that the trial justice abused his discretion. *Korsak* v. *American Motorists Ins. Co.,* 87 R. I. 89, 138 A.2d 419.

There is nothing in the record indicating that the manufacturing and testing methods used by respondent are the same in 1959 as they were prior to the date of the accident. It could very well be that in the absence of such evidence the trial justice felt that the examination requested was immaterial and of no help in determining in 1959 the presence or absence of negligence in the production of the emery wheel some four and one-half years prior to the motion. Other reasonable grounds may have impelled the ruling complained of. We have no way of knowing except from the record.

It is well settled that on certiorari unless it clearly appears on the record that the decision of a trial justice is arbitrary or unreasonable it will not be disturbed by this court. *Lombardo* v. *DiSandro,* 81 R. I. 393. In our opinion the petitioner has failed to sustain his burden of proving an abuse of discretion by the trial justice.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records and papers certified to this court are ordered sent back to the superior court with our decision endorsed thereon.

*Edward I. Friedman,* for petitioner.

*Boss, Conlan, Keenan, Bulman & Rice, John T. Keenan,* for respondent.