Mitchell D. Schweitzer, J.
Motion for an order directing respondent to furnish petitioner with copies of certain medical reports is denied. Petitioner and respondent, Motor Vehicle *447 Accident Indemnification Corporation will, shortly, he engaged in arbitration of a claim for personal injuries allegedly sustained by petitioner in an automobile accident wherein the other vehicle involved was uninsured. Petitioner now seeks discovery of medical reports furnished respondent following a physical examination heretofore held. While the court is empowered to order disclosure in aid of arbitration (CPLB 3102, subd. [c]) this power, it has been held, should be sparingly exercised {Matter of Katz [Burkin], 3 A D 2d 238). The Katz case was decided under the Civil Practice Act, prior to enactment of the Civil Practice Law and Bules, whereunder disclosure in arbitration proceedings was available to parties by notice or order. (See Civ. Prac. Act, §§ 308,1459.) However the Civil Practice La,w and Buies is more restrictive; disclosure being available thereunder only by court order (CPLB 3102, subd. [c]). The draftsmen of the new procedural statute and rules were aware of the Ka-tz decision, and implicitly indorsed it, noting that “ The matter of disclosure is better handled directly [between the parties in the arbitration rather than through resort to the courts] ”. (N. Y. Legis. Doc., 1958, No. 13, p. 134.) As noted in Katz (p. 239) “ It would be generally incompatible with the nature and scope of an arbitration proceeding to allow a shift to the court forum of that part of a proceeding relating to the prehearing examination of witnesses or collection of evidence ”. “ Necessity rather than convenience should be the test.”