ALFRED J. CAVANAUGH *vs.* McDONNELL & COMPANY, INC.

Suffolk.    March 6, 1970. — May 5, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Equity Jurisdiction*, Discovery.    *Arbitration.*

A court of equity has no jurisdiction to order discovery in aid of arbitration proceedings.

BILL IN EQUITY commenced by writ of summons and attachment dated January 7, 1969.

The suit was heard on demurrer and reported by *Smith*, J.

*Stephen A. Moore* for the defendant.

*Donald J. Wood* for the plaintiff.

WILKINS, C.J.    The plaintiff, a resident of this Commonwealth, is a security salesman for the defendant, a member of the New York Stock Exchange, which does business in this Commonwealth. He brings this suit for discovery in aid of prospective arbitration proceedings which he plans

to commence against the defendant in accordance with the constitution and rules of the exchange. Allegations of the bill set up a cause of action in deceit (see *Pietrazak* v. *McDermott,* 341 Mass. 107, 108; *Powell* v. *Rasmussen,* 355 Mass. 117, 119) in that the defendant intentionally made false representations of material facts to the plaintiff with intent that the plaintiff rely on them, that should he commence employment with the defendant, he would be assigned certain institutional accounts; that the plaintiff, in reliance on the defendant's representations, gave up his employment and accepted employment with the defendant; and that the defendant failed to assign the accounts to the plaintiff, who suffered financial loss. As matter of law, this controversy must be settled by the arbitration procedure prescribed by the constitution and rules of the exchange. This is the plaintiff's only remedy. The methods of discovery under the General Laws and the rules of this court are "legally unavailable" to the plaintiff. The bill prays for the production of various records and for leave to take the depositions of three officers.

The defendant demurred to the bill on two grounds: (1) The discovery requested is not incidental to any court proceeding or to any relief which a court has power to grant. (2) The allegations are insufficient to constitute a cause of action against the defendant "which would require the relief sought by the bill."

An interlocutory decree was entered overruling the demurrer. The defendant appealed. G. L. c. 231, § 96. The judge, being of opinion that the question of law raised by the demurrer so affects the merits of the controversy that the matter ought, before further proceedings, to be determined by the full court, reported the case.

The plaintiff has not argued invalidity of that part of the contract which prohibits resort to all courts, both in this Commonwealth and elsewhere, in favor of arbitration proceedings in New York City. See *Nashua River Paper Co.* v. *Hammermill Paper Co.* 223 Mass. 8, 16; *Cadillac Auto. Co. of Boston* v. *Engeian,* 339 Mass. 26, 30; *Jenkins* v. *General*

*Acc. Fire & Life Assur. Corp. Ltd.* 349 Mass. 699, 701–702. As to this, we need express no opinion.

The bill is "for discovery only, where no relief is sought." See *Owens-Illinois Glass Co.* v. *Bresnahan,* 322 Mass. 629, 630–631; *MacPherson* v. *Boston Edison Co.* 336 Mass. 94, 100. In such a case, equity is asked to use its ancillary jurisdiction.

"There is no doubt of the jurisdiction of the court to entertain bills for discovery, although the usefulness of such bills has, to a great extent, been taken away by statutes authorizing interrogatories to the adverse party and compelling such party to testify at the trial." *American Sec. & Trust Co.* v. *Brooks,* 225 Mass. 500, 501. "Various statutes indicate that equitable jurisdiction over bills for discovery still exists." *MacPherson* v. *Boston Edison Co.* 336 Mass. 94, 99. "This jurisdiction does not depend upon statute, but is a part of the general jurisdiction of a court of equity." *Owens-Illinois Glass Co.* v. *Bresnahan,* 322 Mass. 629, 631.

It cannot be doubted that Massachusetts equity courts retain the power to grant discovery in aid of actions at law. But when it comes to discovery in aid of arbitration proceedings, a further problem is presented.

We next consider that question.

Since jurisdiction to grant discovery was first recognized at a time when cases were decided in the courts and before the practice of references to arbitration, it is not surprising that the pertinent decisions in this Commonwealth reflect that fact in their language defining the scope and purpose of that jurisdiction. For example, in *Wilson* v. *Webber,* 2 Gray, 558, 562, we read, "The discovery sought must be material to enable the plaintiff in a bill to support or defend a suit." Also in *Post & Co.* v. *Toledo, Cincinnati & St. Louis R.R.* 144 Mass. 341, 347, the purpose of discovery is stated as being "to aid the plaintiff in a suit which he intends immediately to bring, as well as in a suit already brought, if the bill discloses a cause of action . . . ." See *American Sec. & Trust Co.* v. *Brooks,* 225 Mass. 500, 502, *supra.*

No case in this Commonwealth seems to have made specific

reference to the propriety or impropriety of discovery in aid of arbitration. We have, however, been impressed by an unequivocal statement in Pomeroy, Eq. Jur. (5th ed.) § 196: "It is well settled that a discovery will not be granted in aid of a controversy before arbitrators, where the submission to arbitration was the voluntary act of the parties;[1] but the reason of this rule fails, and a discovery will be compelled in aid of a compulsory reference to arbitrators or referees ordered by the court in an action."[2]

On the practical aspect of the case we may assume that the plaintiff on the merits is in need of the records and other information he seeks; that this material, which is wholly in the defendant's control, is of the type properly the subject of discovery. On the other hand, the arbitration will have to be held in New York City under the Constitution of the New York Stock Exchange, art. VIII, §§ 1, 5. In a sense this was the result of agreement by the parties, but an agreement the language of which, we infer, was the defendant employer's.

In so far as New York decisions have come to our attention, they are not sympathetic to this purpose of discovery. In *Matter of Katz,* 3 App. Div. 2d (N. Y.) 238, there was an appeal from an order which granted an examination before trial in an arbitration proceeding. At pp. 238–239, it was said, "We are of the view that examinations before trial under court aegis should not be granted in such proceedings except under extraordinary circumstances such as the demonstrated need of reaching a witness or evidence which is unavailable without a court order. Necessity rather than convenience should be the test. This view is dictated by the consideration that an arbitration proceeding is, except in specified particulars, outside the court realm and jurisdiction — deliberately so taken out of the court by choice and

---

[1] A footnote cites Jeremy's Eq. Jur. 268; *Street* v. *Rigby,* 6 Ves. 821, and states, "The reason is, that such arbitrators are not a regular tribunal, but judges chosen by the parties outside of the ordinary course and mode of administering justice."

[2] There is a footnote, citing *British Empire Shipping Co.* v. *Somes,* 3 Kay & J. 433.

commitment of the parties. Arbitration is subject to its own rules and practices at variance with court procedures. It is supposed to be a complete proceeding, without resort to court facilities, for handling and disposing of a controversy submitted to arbitration. It would be generally incompatible with the nature and scope of an arbitration proceeding to allow a shift to the court forum of that part of a proceeding relating to the prehearing examination of witnesses or collection of evidence."

In *Matter of Schwartz*, 127 Misc. (N. Y.) 452, 454–455 (Supr. Ct.), there is another discussion of this aspect of discovery relating to arbitration proceedings. "Proponent also seeks an inspection of certain of respondent's books, documents and papers. As indicated above, I believe that the court should not interject itself or its practice into arbitrations unless required to do so by statutory provision or necessity. The arbitrators can determine whether records of a party should be opened for inspection and what should be implied from his failure to afford inspection in the particular situation. In a legal action inspection of records and examination of an adverse party before trial would appear to be methods adopted to meet the practical requirement that once a trial, especially a jury trial, has begun it should, in ordinary course, continue to proceed to a determination. But in arbitrations this is of minor importance, for usually the arbitrators can adjourn from time to time to enable the parties to obtain their proof and prepare for further trial as the hearings progress. Without the sanction of the court, shown by the commission it sends forth, it would often be impossible to obtain the statements of witnesses so situated that their personal attendance is not reasonably to be required. It is quite a different thing to say that the matters to be submitted to arbitration are to be partially defined, limited and, to all intents and purposes, tried in advance by and under the direction and guidance of a court of law." See *Smyth* v. *Board of Educ. of No. Hempstead*, 128 Misc. (N. Y.) 49 (Supr. Ct.); *Kallus* v. *Ideal Novelty & Toy Co.* 45 N. Y. S. 2d 554 (Supr. Ct.).

Both grounds of demurrer raise the question whether discovery ostensibly in aid of the New York arbitration proceeding may be properly ordered. We are of opinion that it should not be.

Our conclusion is that discovery purportedly in aid of arbitration proceedings would not in reality aid, but would tend to handicap, those proceedings. We also feel that arbitration, once undertaken, should continue freely without being subjected to a judicial restraint which would tend to render the proceedings neither one thing nor the other, but transform them into a hybrid, part judicial and part arbitrational. We also might add that it seems somewhat incongruous to resort to judicial help for pre-hearing discovery after a voluntary understanding had left the entire matter to the determination of arbitrators.

The interlocutory decree is reversed and a new interlocutory decree is to be entered sustaining the demurrer.

*So ordered.*