314 A.2d 8.

LUTZ ENGINEERING CO., INC. *vs.* STERLING ENGINEERING & CONSTRUCTION COMPANY, INC.

JANUARY 17, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This complaint was filed on April 28, 1972, by the plaintiff, Lutz Engineering Co., Inc. (Lutz), seeking an order for discovery in aid of an arbitration proceeding involving a dispute with the instant defendant, Sterling Engineering & Construction Company, Inc. (Sterling).

The record discloses that on July 17, 1970, Sterling entered into a subcontract with Lutz for the performance of certain work in the construction of the John H. Chafee Social Science Center at the University of Rhode Island. When Lutz had completed performance under the subcontract, a dispute arose between the parties concerning the unpaid balance due Lutz for its work. An exhibit appended to the complaint indicates that Sterling deducted $14,546.77 from a balance of $26,980.00 due Lutz. After this deduction was computed, Sterling forwarded Lutz a check for $12,415.00. A breakdown of the $14,546.77 deducted indicates that $1,722.50 was charged for certain un-

explained "Backcharges," while $12,792.27 was charged for "Temporary Heat."

Pursuant to the pertinent provisions of the subcontract, Lutz submitted the dispute concerning these charges to arbitration, alleging in the instant complaint that the subcontract had provided that "disputes are determined by arbitration according to [G. L. 1956 (1969 Reenactment) §37-16-1 et seq.]" and that neither that statute nor the provisions of the subcontract provide for discovery in aid of disputes submitted to arbitration. According to Lutz, the "* * * facts in relation to [this] dispute are in the sole possession of the Defendant" and it has "no adequate legal remedy for discovery." The parties agreed to arbitration, which began on April 17, 1972.

Thereafter, Sterling moved on May 15, 1972, to dismiss the complaint, which motion was denied by a justice of the Superior Court on June 9, 1972. Subsequently, a motion was filed by Lutz, seeking to compel Sterling to submit to discovery pursuant to the provisions of Super. R. Civ. P. 26-37, which motion was granted on June 29, 1972. On December 14, 1972, Sterling's petition for certiorari was granted solely on the question of whether or not discovery lies by a complaint in the Superior Court after proceedings to arbitrate the dispute have been instituted pursuant to the provisions of §37-16-1 et seq.

At the outset, it is clear that both Lutz and Sterling are in agreement that they are bound to arbitrate the dispute pursuant to the provisions of The Public Works Arbitration Act, G. L. 1956 (1969 Reenactment) §37-16-1 et seq.[1] Because of this they are precluded from resorting

---

[1]Article XX of the subcontract requires that the parties thereto shall arbitrate any disputes "* * * under the provisions of the Prime Contract if it contains an arbitration provision lawful under the laws of the State of Rhode Island * * *." The prime contract contains an arbitration provision pursuant to the provisions of §37-16-2(b).

to The Rhode Island Arbitration Act, G. L. 1956 (1969 Reenactment) §10-3-1 et seq. In §10-3-9 of the latter Act, the Legislature made provision for the taking of depositions by the parties to a dispute submitted to arbitration thereunder. It provides that if prior approval is obtained from the arbitrators, a party may petition the Superior Court to direct the taking of depositions to be used in evidence before the arbitration board. It is clear that if the parties were not bound to arbitrate disputes according to the provisions of The Public Works Arbitration Act, they would not be in the Superior Court because Lutz would have failed to pursue the statutory remedy.[2]

There is no provision in The Public Works Arbitration Act for the taking of depositions. However, The Rhode Island Arbitration Act, when it was enacted by the Legislature in 1929, contained the same provision for the taking of depositions as it does now under §10-3-9. *See* P. L. 1929, ch. 1408, sec. 7. We presume, as we must, that when The Public Works Arbitration Act was enacted by P. L. 1967, ch. 165, the Legislature was aware of §10-3-9 and intentionally omitted a provision for discovery under that Act. *See Joseph P. Cuddigan, Inc.* v. *Dimeo Construction Co.,* 106 R. I. 583, 261 A.2d 850 (1970). Accordingly, Lutz has no statutory means for obtaining discovery. If Lutz has any right to discovery at all, it must be by way of a complaint in the nature of a bill in equity for discovery.[3]

---

[2] General Laws 1956 (1969 Reenactment) §10-3-9 reads as follows: "Taking of depositions.—Upon petition, approved by the arbitrators or by a majority of them, said court may direct the taking of depositions to be used as evidence before the arbitrators, in the same manner and for the same reasons as provided by law for the taking of depositions in suits or proceedings pending in said court."

[3] Of course, Lutz may not invoke the discovery provisions of Super. R. Civ. P. 26-37 in aid of arbitration. The Rules of Civil Procedure govern only civil actions. *See* Super. R. Civ. P. 1.

It has long been recognized that a court of equity has auxiliary jurisdiction to grant a bill for discovery in aid of an action at law. *See* 1 Pomeroy, *Equity Jurisprudence* §192 (5th ed. 1941). In *Thew Shovel Co. v. McCormick*, 53 R. I. 275, 166 A. 354 (1933), this court held that the Superior Court has jurisdiction to grant such a bill in aid of an action for replevin.[4] In denying Sterling's motion to dismiss, the trial justice relied primarily on the *Thew Shovel* case. He reasoned that *Thew Shovel* was not distinguishable and, therefore, the right to obtain discovery in equity should be extended to arbitration proceedings.

The petitioner here, Sterling, argues that *Thew Shovel* is inapposite because there relief was granted in aid of an action at law — replevin — and arbitration is not an

---

[4]The enactment of a statutory method for discovery under Super. R. Civ. P. 26-37 did not abrogate the right of a party to obtain a complaint for discovery. This statutory method has, however, for all practical purposes rendered a complaint for discovery obsolete. This is so because the statutory method for discovery provides a plain, adequate and complete remedy at law. *See Dormay Construction Corp. v. Doric Co.,* 221 Md. 145, 156 A.2d 632 (1959); *MacPherson v. Boston Edison Co.,* 336 Mass. 94, 142 N.E.2d 758 (1957); *Lippmann v. Hydro-Space Technology, Inc.,* 77 N.J.Super. 497, 187 A.2d 31 (App. Div. 1962).

In *DeCourcy v. American Emery Wheel Works,* 89 R. I. 450, 153 A.2d 130 (1959), there is dicta to the effect that "* * * the [S]uperior [C]ourt has no inherent authority apart from statute to permit a party to a cause to examine, prior to the trial, evidence in the possession or control of the opposing party." *Id.* at 453, 153 A.2d at 132. In *Decourcy* it was also stated that the "power of the [S]uperior [C]ourt to order a discovery is purely statutory." *Id.* at 453, 153 A.2d at 132. Similar language was also used in *O'Reilly v. Superior Court,* 45 R. I. 491, 124 A. 1 (1924); *O'Reilly v. Superior Court,* 46 R. I. 37, 124 A. 726 (1924). The language used in these cases was not meant to abrogate the power of the Superior Court to entertain a complaint in the nature of a bill in equity for discovery because these cases were actions at law prior to the merger of law and equity under the Superior Court Rules of Civil Procedure. The Superior Court still retains the power to entertain a complaint for discovery in aid of an action at law where the Superior Court Rules of Civil Procedure do not provide a plain, adequate and complete remedy.

action at law. The thrust of the argument is that since the parties have under the terms of the subcontract agreed to submit all disputes to arbitration, they should not now be able to seek relief in the courts.

A review of the cases cited by Sterling reveals that, absent statute, a bill for discovery will not lie to aid disputes voluntarily submitted to arbitration. *See, e.g., Commercial Solvents Corp.* v. *Louisiana Liquid Fertilizer Co.,* 20 F.R.D. 359 (S.D. N.Y. 1957); *Cavanaugh* v. *McDonnell & Co.,* 357 Mass. 452, 258 N.E.2d 561 (1970); *McRae* v. *Superior Court,* 221 Cal.App.2d 166, 34 Cal.Rptr. 346, 98 A.L.R.2d 1239 (1963); 1 Pomeroy, *Equity Jurisprudence* §196 (5th ed. 1941); *Developments in the Law — Discovery,* 74 Harv. L. Rev. 940, 943 (1961); Annot., 98 A.L.R.2d 1247 (1964).

Lutz agrees that a general rule permitting discovery in aid of arbitration would severely hinder the arbitration process. However, it urges this court to grant an exception to this rule when there is *"hardship* and *necessity."* In support of this argument, Lutz refers us to several New York cases. In New York, however, discovery in aid of arbitration is specifically permitted by statute. *N. Y. Civ. Prac. Law & Rules* §3102(c) (McKinney 1970). Even there, the courts have refused to grant discovery unless there was a showing of "extraordinary circumstances," *Motor Vehicle Accident Indemnification Corp.* v. *McCabe,* 19 App.Div.2d 349, 354, 243 N.Y.S.2d 495, 499-500 (1963), or "[n]ecessity," *Hooper* v. *Motor Vehicle Accident Indemnification Corp.,* 42 Misc.2d 446, 447, 248 N.Y.S.2d 255, 256 (1963).

The rationale for prohibiting or severely limiting a party's access to discovery in aid of arbitration was aptly explained in *In re Katz,* 3 App.Div.2d 238, 160 N.Y.S.2d 159 (1957). There the court stated at 239, 160 N.Y.S.2d at 161, that "* * * an arbitration proceeding is, except in speci-

fied particulars, outside the court realm and jurisdiction—deliberately so taken out of the court by choice and commitment of the parties. Arbitration is subject to its own rules and practices at variance with court procedures. It is supposed to be a complete proceeding, without resort to court facilities, for handling and disposing of a controversy submitted to arbitration. It would be generally incompatible with the nature and scope of an arbitration proceeding to allow a shift to the court forum of that part of a proceeding relating to the prehearing examination of witnesses or collection of evidence."

In *Thew Shovel Co.* v. *McCormick, supra,* when we held that the Superior Court had jurisdiction to entertain a bill for discovery in aid of an action for replevin, we noted at 277, 166 A. at 355, that "[n]o appealing reason [was] suggested for equity to refuse to accept jurisdiction in [that] case." Here we find that there are "appealing reasons" for refusing to allow the Superior Court to entertain a complaint for discovery in aid of arbitration. "[D]iscovery purportedly in aid of arbitration proceedings would not in reality aid, but would tend to handicap, those proceedings. * * * [A]rbitration, once undertaken, should continue freely without being subjected to a judicial restraint which would tend to render the proceedings neither one thing nor the other, but transform them into a hybrid, part judicial and part arbitrational." *Cavanaugh* v. *McDonnell & Co., supra* at 457, 258 N.E.2d at 564.

It is our conclusion, then, that a complaint seeking discovery in aid of arbitration proceeding to which a dispute has been submitted pursuant to the provisions of §37-16-1 et seq. will not lie and that it was error for the trial justice to deny Sterling's motion to dismiss such complaint in this case.

The petition for certiorari is granted, the order denying the petitioner's motion to dismiss is quashed, and the record certified to this court is ordered returned to the Superior Court.

*Abedon & Visconti, Girard R. Visconti,* for plaintiff-respondent.

*Adler, Pollock & Sheehan, Peter Lawson Kennedy,* for defendant-petitioner.