DECISION
This is an appeal from an order of the Probate Court of the City of Newport. The appellant is seeking reversal of the Probate Court's order entered on March 28, 1997, which provides for the service of interrogatories and the taking of depositions. Also before the Court is the appellee's motion to dismiss, to which the appellant has objected. Jurisdiction in this Court is pursuant to G.L. 1956 § 33-23-1.
 Facts/Travel
Carolyn Skelly died on December 10, 1996 in Newport, Rhode Island. On December 17, 1996, Ann B. Fletcher (appellant), the daughter of Carolyn Skelly, filed a petition to admit her mother's will to probate. Carolyn Burford Brady and William S. Burford, two other children of the decedent, contested probate of the will. At the March 28, 1997 hearing, the Probate Court entered the order which is the subject of this appeal.
 The Motion to Dismiss
The order of the Probate Court requires the parties to submit interrogatories to the Court for prior approval and requires that they be answered within fourteen (14) days of receipt. In addition, the order provides that the Probate Court will conduct a hearing for the purpose of taking depositions of parties and witnesses. In her claim of appeal, the appellant states that the appeal is "for the reasons that the Court has exceeded its statutory jurisdiction by permitting pretrial discovery; that the Court has unlawfully expanded the scope of General Law 8-9-17
which was intended to authorize interrogatories and depositions for the proof of wills; and the Court abused its discretion in delaying the administration of the estate."
The claim of appeal was timely filed in the Probate Court and the appellant filed a certified copy of the claim and record with the Superior Court, but did not file a separate document entitled "Reasons of Appeal" in the Superior Court. The appellees argue that the appeal should be dismissed for the failure of the appellant to timely file a separate document as her reasons of appeal, which the appellees contend is a jurisdictional requirement and a condition precedent to this Court's consideration of the merits of the appeal. The appellant argues that this position is essentially one of form over substance and that the reasons of appeal are specifically stated on the claim of appeal, which was timely filed and served.
Section 33-23-1(a)(2) requires an appellant to file with the Superior Court within thirty (30) days of the entry of the order appealed from, "a certified copy of the claim and record and the reasons of appeal specifically stated, to which reasons the appellant shall be restricted, unless, for cause shown, and with or without terms, the superior court shall allow amendments and additions thereto." An appeal is properly dismissed where the appellant does not file reasons of appeal within the statutory period. Dugdale v. Chase, 52 R.I. 63, 157 A. 430 (1931). The statute does not set forth the form of the reasons of appeal other than that they shall be specifically stated. There does not appear to be any statutory requirement that they be set forth on a separate document, nor is the Court persuaded by the cases cited by appellees in support of their motion to dismiss. Therefore, this Court finds that the reasons for appeal are specifically stated on the claim of appeal and that the failure of the appellant to label the document "Claim of Appeal and Reasons of Appeal," or the failure of the appellant to set forth the reasons for appeal on a separate document, is not fatal to her appeal, and the motion to dismiss is denied.
 The Merits of the Appeal
The appellant argues that the Probate Court does not have the power to order discovery and that reliance on § 8-9-17, as providing such authority is misplaced. The appellees disagree. Section 8-9-17 is entitled, "Power to Summon and Receive Evidence," and provides,
 "[a]ny probate court may require the attendance of any party or person whom it may see fit to examine or cause to be examined in any proceeding pending in said Court, and may examine or cause to be examined on oath, parties and witnesses, either orally or on written interrogatories, or both, or may receive their affidavits and may require any writings or other evidence pertinent in such proceedings to be produced before itself or otherwise and may issue writs of subpoena ad testificandum, and of Subpoena Duces Tecum."
This statute has a long legislative history and was apparently enacted, at least in similar form, years before the enactment of broad discovery rules in the Superior Court.
A comparison with the Superior, Family and District Courts is helpful. Section 8-6-2, entitled "Rules of Practice and Procedure" provides, "the supreme, superior, family and district courts by a majority of their members, shall have the power to make rules for regulating practice, procedure, and business therein." Moreover, the rules of the Superior, Family and District Courts are subject to Supreme Court approval. Id. The Supreme, Superior, Family and District Courts are statewide courts. Each of the thirty nine (39) cities and towns has its own Probate Court. There is no comparable section of the General Laws applying to the Probate Court.
Recently, the Legislature enacted § 33-22-29, entitled "Local Rules of Probate Court." It permits each Probate Court to promulgate local administrative rules designed to facilitate the efficient discharge of the statutory duties of such Court, which rules cannot expand any specific provision of Title 33, or any other provision of the General Laws. Pursuant to § 33-22-29, the local rules shall include "the dates and times when the Court is in session; procedures for docketing of cases at hearings of the Court; the scheduling of special sessions; and deadlines for the submission of pleadings or other filings." Additionally, such administrative rules shall be clearly posted and made available to any interested party. This section is limited to administrative rules. It does not provide the Probate Court with the broad powers that the Legislature gave the Superior, Family and District Courts, to enact rules of practice and procedure. The Superior, Family, and District Courts have each enacted detailed rules of procedure governing the rights of parties to propound discovery and the scope of the discovery to be propounded. The Probate Court does not have the legislative authority to enact similar rules.
The Rhode Island Rules of Evidence apply to hearings in the Probate Court as well as to hearings and trials in the Superior, Family, and District Courts. R.I.R.Evid 101. The definition of "relevance," under Rule 401 of the Rhode Island Rules of Evidence, varies greatly with the definition of "relevance" under the Superior Court Rules of Civil Procedure. If discovery is permitted in the Probate Court, there would not appear to be any basis for permitting disclosure under the broader definition. There are no discovery rules or procedures.
A court of equity has auxiliary jurisdiction to grant a bill of discovery in aid of an action at law. Lutz Eng. Co. v.Sterling, Etc. Co., 112 R.I. 605, 314 A.2d 8 (1974). The Probate Court is not a court of equity. Champlin v. Slocum, 41 R.I. 227,103 A. 706 (1918). A recent amendment to R.I. Gen. Laws § 8-9-9, which is entitled "General Probate Jurisdiction," gives the Probate Court specific and limited power to follow the course of equity. None of the limited situations set forth therein apply to the instant matter.
A review of Rule 81 of the Superior Court Rules of Civil Procedure, reveals that they do not apply during process and pleading stages to Probate Court appeals (emphasis added), but apply thereafter. Rule 81(b) reveals an expectation that discovery will be propounded in the District Court and provides that material obtained by the use of discovery processes in the District Court may be used at the trial of such appeals. Section33-23-1(3)(d) provides that where a witness who testified at the Probate Court proceeding, testifies at the Superior Court hearing, "[t]he transcript of such Probate Court testimony may be used for any evidentiary purpose." However, there is no provision in the Superior Court Rules of Civil Procedure or in the General Laws addressing the use at the Superior Court hearing of discovery material obtained in the Probate Court.
Furthermore, § 33-23-1 provides that any person aggrieved by an order of a Probate Court may appeal to the Superior Court and such appeal is not an appeal on error but is to be heard de novo in the Superior Court. If discovery is permitted in the Probate Court, any party aggrieved of any discovery order could appeal to the Superior Court. This would cause unreasonable delays. In contrast, a party aggrieved of a discovery order in the Superior Court, would have to seek a writ of certiorari to appeal the order to the Supreme Court. The Court does not encourage piecemeal appeals. To permit the Probate Court to order discovery under the present statutory scheme where there is no uniform set of rules, or any rules governing the scope of the discovery, could open the floodgates to piecemeal probate appeals.
The appellees argue that the recent enactment of § 8-9-17.1, which liberalizes the manner in which subpoenas may be served, reveals a legislative intent to permit discovery in the Probate Court. The Court is not persuaded by this argument. The Court is mindful that subpoenas are not only utilized to compel the presence of witnesses and the production of materials during discovery, but that they are also used to require the attendance of witnesses and the production of documents at a hearing to be offered as evidence. Nothing contained in § 8-9-17.1 refers to discovery.
Section § 8-9-17 is entitled "Power to Summon and Receive Evidence," and that is what it addresses. To interpret this statute as permitting a Probate Court to order discovery in light of the absence of a statute or rule providing for Probate Court rules of procedure would be absurd. The statute is clear. The legislative intent is clear. It applies to the receipt of evidence. Where the language of a statute is clear, conveys a sensible meaning and does not contradict or defeat an evident legislative purpose, there is no room for statutory construction.Reardon v. Hall, 104 R.I. 591, 247 A.2d 900 (1968). The Court will not construe a statute to achieve an absurd result. State v.Delaurier, 488 A.2d 688 (R.I. 1985); Beaudoin v. Petit,122 R.I. 469, 409 A.2d 536 (1979).
For the foregoing reasons, the appeal of Ann B. Fletcher is granted. The Probate Court order is reversed.