McCann, John S., J.

INTRODUCTION

The plaintiff is represented by Paul V. Shannon, Esq. and Paul E. Mullan, Esq. The defendant is represented by Christopher M. Jantzen, Esq. and Michael C. Cullen, Esq.
The plaintiff filed an application for appointment of an arbitrator pursuant to M.G.L. 251. The defendant Pilgrim Insurance Company filed an Answer, numerous Affirmative Defenses, and a Counterclaim in six counts as follows: I. Declaratory Relief; II. Fraud; III. Material Misrepresentation; IV. Common-Law Deceit; V. Breach of Contract; and VI. Breach of Implied Covenant of Good Faith and Fair Dealing. The defendant also filed a claim for a jury trial.
Interrogatories were prepared by Pilgrim Insurance Company and served on counsel for the plaintiff. The plaintiff declined to answer interrogatories on the grounds that the defendant is not permitted to file interrogatories under G.L.c. 251. An application under Rule 33(e) was made by the defendant for final judgment for failure of the plaintiff to answer interrogatories. Judgment entered on August 10, 2006. The plaintiff has filed a Motion to Remove the Default.

DISCUSSION

The plaintiff moves to remove the default pursuant to Mass.R.Civ.P. 60(b). The complaint of the plaintiff is a proceeding under the Uniform Arbitration Act for Commercial Disputes G.L.c. 251. Plaintiff contends that the defendant was not permitted to file interrogatories under G.L.c. 251 and that the plaintiff was not required to submit answers to interrogatories. Pilgrim Insurance Company contends that interrogatories are valid and should have been answered because they “were issued on the defendant’s cognizable counterclaims.”
Any party in an arbitration proceeding may serve upon any other party a request for production of documents and things and for entiy upon land for inspection and other purposes as permitted by and in accordance with the procedure set forth in Rule 34 of Mass.R.Civ.P. G.L.c. 251, §7(e). However, there is no provision under G.L.c. 251, §7 for issuance of interrogatories by any party.
Discovery in aid of arbitration proceedings may not be ordered. The whole point of arbitration is that the parties have deliberately cast aside the machinery of the judiciary in order to be subject to the rules of arbitration which necessarily vary from formal court procedures. It would be “incongruous to resort to judicial help for pre-hearing discovery after a voluntary understanding had left the entire matter to the determination of arbitrators.” Cavanaugh v. McDonnell & Co., Inc., 357 Mass. 452, 455-57 (1970). The Plaintiffs Motion to Remove the Default is ALLOWED as the plaintiff is not required to answer defendant’s interrogatories in an action seeking appointment of an arbitrator pursuant to G.L.c. 251.

ORDER

The default is removed.